## MASTERS, ADMINISTRATOR, v. CARLTON.

[No. 12,500. Filed March 10, 1926. Rehearing denied May 21, 1926. Transfer denied November 26, 1926.]

EXECUTORS AND ADMINISTRATORS.—There was no reversible error in allowing an unverified claim to be reinstated where the original claim was verified and, after being disallowed, was transferred to the trial docket and thereafter dismissed until a nonresident cost-bond could be filed.

From Marion Probate Court (1428) ; *Mahlon E. Bash,* Judge.

Claim by Ethel Carlton against the estate of Frederick W. Spreen, deceased, J. Fred Masters, administrator. From an allowance of the claim, the administrator appeals. *Affirmed.* By the court in banc.

*J. Fred Masters,* for appellant.

*Edward O. Snethen* and *Paul R. Summers,* for appellee.

THOMPSON, J.—Appellee filed a claim against the estate of Frederick W. Spreen, deceased, in October, 1920, which claim was sworn to. It was disallowed and transferred to the trial docket. Later, in November, 1920, an amended claim was filed. Appellant filed a counter-claim in two paragraphs, to each of which a reply was filed. There was a trial by jury, and a verdict was returned in favor of appellee in the sum of

$792, on which judgment was rendered.    Appellant filed a motion for a new trial, which was overruled, and appellant excepted.

The errors relied upon for reversal are:    (1) That the court erred in permitting appellee to file her amended claim and to reinstate the same; (2) that the court erred in overruling the motion for a new trial.

The record in this case shows that a verified claim was filed, which was disallowed and transferred to the trial docket, after which an amended claim was filed which was not verified.    Some time after that, the plaintiff dismissed her claim.    A short time later, the administrator filed an affidavit in court to the effect that claimant was a nonresident of this state and asked that she be required to execute a bond for costs, which bond was filed.    Claimant immediately asked that her claim be reinstated, and the court so ordered.

Appellant insists that, because the claim was not resworn to, the court should not have permitted it to have been refiled.    In this we do not think that the court committed reversible error.    *Pence, Exrx.,* v. *Young* (1899), 22 Ind. App. 427.    *Taggart, Admr.,* v. *Tevanny* (1891), 1 Ind. App. 339.

Under error assigned in overruling the motion for a new trial, appellant complains of various rulings of the court in the admission and rejection of evidence and also of instructions given and refused, but we have carefully gone over the record and feel that the case was fairly tried upon its merits, and that there was no reversible error in overruling the motion for a new trial.

Affirmed.