## CRAVENS ET AL. *v.* DUNCAN.

STATUTE OF LIMITATIONS.—*Exceptions of.—Pleading.—Action to Set Aside Fraudulent Conveyance. — Assignment of Judgment.—Insolvency.—Evidence. —Decedents' Estates.*—The assignee, by parol, of a judgment instituted an action against the administrator of the estate of his deceased judgment debtor, and a third person, to set aside an alleged fraudulent conveyance to the latter, of a tract of land, by such decedent in his lifetime, and to subject the same to execution to satisfy such judgment, alleging also, that such estate was insolvent.

*Held,* on demurrer, that such action may be brought within six years from the accruing of such cause of action.

*Held,* also, that where a statute of limitations contains exceptions, if the complaint in an action does not show, affirmatively, that it is not within any of such exceptions, it is not defective on demurrer, under such statute.

*Held*, also, that a default made by such defendant administrator admitted the alleged assignment of such judgment without further proof.

*Held*, also, that on the trial of such action, it was competent to introduce in evidence the inventory of such estate, and the tax duplicate of such county, as touching the solvency or insolvency of such estate.

COSTS.—*Excessive Damages.*—*Remittitur.*—*Supreme Court.*—*Practice.*—Where a recovery has been had for an excessive sum as damages, and, on appeal to the Supreme Court, a remittitur of the excess is entered, such judgment, as to the residue, will be affirmed, but at the costs of the appellee made by the appeal.

From the Ripley Circuit Court.

*B. Harrison*, *C. C. Hines* and *W. H. H. Miller*, for appellants.

*H. W. Harrington*, for appellee.

PERKINS, J.—On the 26th day of October, 1868, John Mullen recovered a judgment, in the Ripley circuit court, in this State, against Walter Bogot and David H. Kitts, for the sum of four hundred and seven dollars and fifty cents. He assigned that judgment, by parol, to Hardin Duncan. Bogot is insolvent, and Kitts is dead. He died insolvent. Before his decease he conveyed a tract of land to James H. Cravens, who afterwards sold and conveyed the same land to William D. Willson. John Mullen, the assignor of the judgment, is dead, and Jesse D. Skeen is his administrator.

On the 17th day of March, 1874, this suit was commenced by Hardin Duncan, the assignee of Mullen's judgment against Bogot and Kitts, to subject the land conveyed by Kitts to Cravens, and by Cravens to Willson, to the payment of said judgment, assigned as above stated to Duncan, on the ground that said land was conveyed by Kitts to Cravens to defraud his creditors. Cravens, Willson and Jesse D. Skeen, administrator of the estate of Mullen, are made defendants. Skeen made default. Cravens and Willson demurred, severally, to the complaint, and their demurrers were overruled. Answer in general denial. Jury trial. Verdict for the plaintiff. And in answer to this interrogatory, viz.: "What amount

of principal, interest and costs are due the plaintiff upon the judgment rendered in favor of John Mullen, against David H. Kitts and Walter Bogot?" they said, "Five hundred and twenty-seven dollars and seventy-two cents." A motion for a new trial was made and overruled, and judgment rendered for the plaintiff. One of the causes assigned for a new trial was this:

"Because the damages are excessive in this; they are for too much, by one hundred and sixty dollars."

The assignments of error, in this court, are these:

1st. The court erred in overruling the defendants' demurrer to the complaint;

2d. The court erred in overruling the motion for a new trial; and,

3d. The court erred in rendering the judgment set out in the record.

The appellants' counsel insist, in argument, upon four grounds for the reversal of the judgment;

1st. The overruling of the demurrer to the complaint; and,

2d. The overruling of the motion for a new trial.

It is insisted that the court erred in its rulings upon this motion for these reasons, viz.:

The evidence did not sustain the verdict, the court admitted illegal evidence to go to the jury, on the trial, and the damages are excessive.

We will notice, in their order, the grounds for reversal relied upon in argument, by appellant's counsel.

1st. As to the sufficiency of the complaint.

There is no doubt that the cause of action in it is embraced by the clause in the statute declaring that actions "For relief against frauds" shall be brought within six years. 2 R. S. 1876, p. 122. *Musselman* v. *Kent*, 33 Ind. 452. And it has already been decided that where the complaint in a cause shows that the case is within the statute, and not within any of the exceptions contained in the statute, such complaint is bad on demurrer. We

do not think that the complaint in this case shows that the case is not within any of the exceptions to the statute. It contains no such averment, and the allegations of fact in it are not equivalent to such averment. *Potter* v. *Smith*, 36 Ind. 231.

2d.  As to the motion for a new trial.  The point in which the evidence is insufficient to sustain the verdict is, as counsel insists, "that there is no proof that the judgment was ever assigned by Mullen to Duncan."  Such is the fact; and we think it is not necessary that there should be.  The complaint contained the allegation of such an assignment.  Skeen, the administrator upon Mullen's estate, was a defendant, duly served with process; in the suit.  He failed to answer,—made default.  That default admitted the assignment alleged in the complaint, and the judgment upon the default concludes the party in interest, from hereafter enforcing the judgment, and makes the defendants secure against any such enforcement.

3d.  The next reason urged by counsel why the new trial should have been granted is, that the court erroneously admitted in evidence the inventory, made by the administrator, of the estate of Kitts, and the tax duplicate, showing the property assessed to him.  We think it was necessary in the cause to show Kitts' insolvency.  We think the documents in question were legitimate evidence as tending to prove that fact.

4th.  The next and last reason urged why a new trial should have been granted is excessive damages.  We have seen that one of the grounds assigned in the motion for a new trial by the appellant was, that the damages assessed by the jury were one hundred and sixty dollars in excess of what they ought to have been.

The counsel for appellees, in his brief, expresses a willingness to remit about one hundred and seventeen dollars. We are not able, satisfactorily to ourselves, to determine the exact sum that should be remitted, but have concluded

that it should be one hundred and thirty-seven dollars and eighty-seven cents.

The judgment, on a remittitur being entered by appellee for one hundred and thirty-seven dollars and eighty-seven cents, is affirmed, with costs. Otherwise, the judgment will be reversed, with costs, and cause remanded for a new trial.

Since the above was written, the appellee has remitted, in open court, one hundred and thirty-seven dollars and eighty-seven cents, and the judgment below is affirmed, at the costs of the appellee, as and for a judgment for three hundred and eighty-nine dollars and sixty cents.