## KENT v. PARKS.

STATUTE OF LIMITATIONS.—*Exceptions to.*—*Complaint.*—*Demurrer.*— A complaint which shows upon its face that the plaintiff's cause of action is barred by the statute of limitations, but does not also show that the cause of action is not saved by any of the exceptions to that statute, is sufficient on demurrer.

SAME.—*Answer.*—*Reply.*—*Practice.*—In such case, the statute of limitations should be pleaded as a defence, and the exception as a reply.

SAME.—*Partition.*—*Evidence.*—In an action for the partition of lands, both the statute of limitations and any exception thereto may be given in evidence under the issue formed by the answer of general denial.

From the Morgan Circuit Court.

*G. A. Adams* and *J. S. Newby*, for appellant.

*W. S. Shirley*, for appellee.

WORDEN, C. J.—Complaint by the appellant, against the appellee, in two paragraphs. Demurrer for want of sufficient facts, to each paragraph, sustained and exception. First paragraph dismissed by the plaintiff. Judgment for the defendant.

The question raised here relates to the sufficiency of the second paragraph, which was as follows:

"The plaintiff, further complaining of the defendant, says, that heretofore, to wit, on the —— day of ——, 1856, one Thomas Kent died at said county and State, intestate, seized in fee-simple of the following described real estate situate in Morgan county and State of Indiana, to wit:" [Here the land is described.] "That said decedent left surviving him, as his heir at law, this plaintiff, his widow, and that he left no children; that one Joseph Taggart was duly appointed as administrator of said decedent's estate; and that, on the —— day of ——, 1858, he presented a petition to the probate court of said Morgan county, asking leave to sell said decedent's interest in said lands to pay debts of said estate, and that such proceedings were had as that, on the —— day of ——, 1858, he was ordered

to sell the same for said purpose; and that, on the ——— day of ———, 1858, said administrator did sell and convey said land to one Daniel Gibbs; that the plaintiff was not made a party to the proceedings of said administrator to sell said lands, nor did she have any notice of the pending of said application until after said lands were so sold by said administrator; and that, on the 25th day of September, 1876, one Thomas H. Dixon, sheriff of Morgan county, conveyed said lands to the defendant herein; that the plaintiff is therefore the owner in fee-simple of the undivided one-third of said lands, and that the defendant is the owner in fee-simple of the other two-thirds of the same. Wherefore the plaintiff prays partition," etc.

It is claimed by the appellee, as we understand the brief of his counsel, that the paragraph is bad, because it shows on its face that the action was barred by the statute of limitations, referring to the fourth clause of section 211, 2 R. S. 1876, p. 122.

Our statute of limitations contains some exceptions, as disabilities of the plaintiff, the defendant's non-residence, etc., and where such is the case, it is well settled that, unless it affirmatively appears by the complaint that the case does not come within any of the exceptions, the statute relied upon must be pleaded, and the plaintiff may reply the exceptions. Potter v. Smith, 36 Ind. 231, 237, and cases there cited; Cravens v. Duncan, 55 Ind. 347.

Doubtless, under a statute admitting all defences to be given in evidence under the general denial, the statute of limitations may be given in evidence under such plea; but the objection can not be raised on demurrer to the complaint.

In this case, the complaint does not show that the plaintiff or defendant may not come within some of the exceptions of the statute.

It would be premature and out of place for us now to intimate an opinion as to what period is fixed for the limitation of such action, or when the statute would begin to run. We think the court erred in sustaining the demurrer to the second paragraph of the complaint.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.