Pence, Ex., *v.* Young.

---

PENCE, EXECUTRIX, *v.* YOUNG.

[No. 2,858. Filed May 24, 1899.]

DECEDENTS' ESTATES.—*Claims.—Affidavits.—Complaint.*—Where a claim against a decedent's estate was disallowed and transferred to the issue docket, and an amended complaint filed, the fact that the compliant was not accompanied by affidavit will not render the same bad as against a demurrer for want of sufficient facts. *pp. 428, 429.*

LIMITATION OF ACTIONS.—*Pleading.*—Where there are exceptions to a statute of limitations, so that a reply relying upon such an exception can be pleaded to an answer setting up the statute, it is not necessary in the complaint to show that the case is within any of the exceptions, and the complaint will not be held insufficient on demurrer though it show that since the cause of action arose the period of limitation has run, unless it also shows that no exception is applicable. *pp. 429-434.*

FRAUD.—*Decedents' Estates.—Complaint.*—A complaint against a decedent's estate alleged that plaintiff became the owner by inheritance from her maternal grandfather of certain real estate ; that decedent, who was plaintiff's father, induced plaintiff to believe that the interest in the real estate which would have descended to her mother, had she lived, had descended to him; that decedent presented to plaintiff a quitclaim deed for her interest in said lands, and requested her to sign and acknowledge the same, which she did, without reading it or being made acquainted with its contents, relying upon her father as to the contents thereof and the propriety of making the same ; that afterward decedent paid her $165, and informed her that this was all she was entitled to as a consideration for the deed; that after its execution it was sent away for record and plaintiff had no means of ascertaining that the consideration was different from what her father had stated; that decedent re-

ceived as a consideration for the deed $600; and that plaintiff was cheated and defrauded of her rights in the premises. *Held*, that the complaint did not show a cause of action for fraud. *pp. 429-433.*

FRAUD.—*Pleading.—Decedents' Estates.—Evidence.*—Under the provision of section 2479 Burns 1894, that when any claim against a decedent's estate is transferred for trial it shall not be necessary for the executor or administrator to plead any matter by way of answer, except set-off or counterclaim, it is not necessary for a claimant in an action against a decedent's estate to allege in his complaint any matter which would constitute a good reply to an answer of the statute of limitations, as the statute of limitations may be given in evidence under the general denial. *p. 434.*

From the Fulton Circuit Court. *Reversed.*

*Michael L. Essick, Arthur Metzler* and *M. A. Baker,* for appellant.

*Conner & Rowley,* for appellee.

BLACK, J.—The appellee, Isabella Young, on the 18th of May, 1896, filed her statement of claim in the office of the clerk of the court below against the estate of John Pence, deceased. The appellant, executrix of the last will of said decedent, having rejected the claim, it was transferred to the issue docket. Thereafter, on the 7th of May, 1897, the appellee filed an amended statement of claim, or complaint, to which the appellant demurred for want of sufficient facts to constitute a cause of action. The demurrer was overruled, and this action of the court is assigned as error. The first objection to the complaint suggested by appellant is, that the amended complaint is not accompanied by an affidavit. It is provided by section 2465 Burns 1894, section 2310 Horner 1897, that the statement of claim which must be filed in the clerk's office shall be accompanied by the affidavit of the claimant, his agent or attorney, that the claim, after deducting all credits, set-offs, and deductions to which the estate is entitled, is justly due and wholly unpaid, "and no claim shall be received unless accompanied by such affidavit."

The record which the appellant, by special written instructions to the clerk of the trial court, has caused to be

transcribed and brought before us, does not show the contents of the statement of claim filed in the clerk's office, or whether or not it was accompanied by an affidavit; and the appellant's objection is not that there was no affidavit attached to the original statement, but is that the amended complaint was not so accompanied.

The manifest reason for requiring that a claim which is to be entered on the claim docket, and admitted or refused by the administrator or executor, shall be verified by such an affidavit, does not extend with the same force to an amended complaint filed after the claim has been transferred to the issue docket for trial as other civil actions pending in the court. Assuming, as we may, that the necessary steps for bringing the case upon the issue docket were duly taken, the fact that the amended complaint thereafter filed by leave of court was not accompanied by an affidavit would not render the amended complaint bad on demurrer for want of sufficient facts. See *Taggart* v. *Tevanny*, 1 Ind. App. 339; *Morrison* v. *Kramer*, 58 Ind. 38; *Frazer* v. *Boss*, 66 Ind. 1.

Omitting some immaterial averments, it appears, in effect, from the complaint, that, in 1873, appellee became the owner by inheritance from her maternal grandfather of lands in Johnson county, Indiana, and in Iowa; that the testator, appellee's father, claimed, and induced the appellee to believe, and she did believe, that the interest in said lands which would have descended to appellee's mother, who died before the death of appellee's maternal grandfather, had descended to the testator, but, in truth, it did not so descend; that sometime after the death of said grandfather, the testator took upon himself the entire management and control of all the interest in said lands which would have descended to appellee's mother; that shortly before 1876, the testator presented to the appellee a quitclaim deed for her interest in said lands, prepared ready for signing and acknowledging, and requested her to go before an officer authorized to take

acknowledgment of the deed, at Rochester, Indiana, and in the presence of said officer the testator requested the appellee to sign said quitclaim deed, and she signed and acknowledged it without reading it, or being made acquainted with its contents; that she did not then know or understand what the consideration expressed therein was, but relied upon her father as to the contents of the deed, and the propriety of making it; that afterward the testator paid appellee $165, and at the same time informed her that this sum was all she was entitled to as a consideration for said deed; that after its execution the deed was sent to Johnson county, and thence to Iowa, for record, and she had no means then of ascertaining that the consideration for the deed was different from what her father had stated; that the testator received as a consideration for said deed $600, paid to him in the latter part of 1876, or in the former part of 1877; that matters rested in this condition between the appellee and the testator, with respect to the consideration of the deed, and she did not learn anything to the contrary "until a little over two years ago," when by an investigation of records in Johnson county, and in the county in Iowa, where said lands were located, she learned for the first time that the testator received, in 1876 or 1877, $600 as a consideration for the execution of said quitclaim deed; that the testator was a shrewd, active, business man, engaged in farming, buying and selling real estate, and loaning money, while appellee at the time of the execution of said deed was wholly unfamiliar with matters of business, and her business transactions thereafter had been very few; that the arrangement of her father herein stated, by which he procured her to sign and acknowledge said deed, as well as the manner in which he conducted the business afterward, was so shrewdly planned, and carried out, that it was a fraud on her rights in the premises, and she was, in manner aforesaid, cheated and defrauded by the testator of her rights in said lands, and was by the acts of the testator defrauded of the sum of $435; that she

was entitled to recover this sum, with interest thereon at six per cent. per annum to the date of suit,—a period of twenty years,—amounting to $957, which, though due, remained wholly unpaid.   Wherefore, etc.

It is not alleged that the appellee did not know the facts relating to her inheritance of the lands from her grandfather.   It is not shown that the testator made any false statement of any matter of fact relating to her inheritance, or concealed from her, or misrepresented to her, any fact concerning her inheritance.   He claimed that he was entitled to the interest which, if his wife (the appellee's mother) had been living when the appellee's maternal grandfather died, would have descended to said wife, and he induced the appellee to believe this.   If the testator made such claim, knowing it to be untrue,—which is not alleged, it was a misrepresentation, not of a matter of fact but of a matter of law. He was merely claiming a right which legally belonged to her without any misunderstanding on the part of either as to the facts.   He took upon himself the management and control of the lands.   If any profit was derived from such management and control, it is not stated; and up to the time of the execution of the quitclaim deed, no cause of action for fraud is shown.   It is not averred that the testator made any misrepresentations of any kind concerning the contents or the effect of the deed, or that he did or said anything to prevent her from reading the deed, and informing herself concerning it.   Her age or condition at the time of the execution of the deed does not appear, except by inference from the fact that she executed the deed, and it in no way appears that she was in any way incapacitated or under any disability. Before 1876, he presented the deed to her, and requested her to sign and acknowledge it.   Though she alleges that she signed and acknowledged the deed, without reading it, or being made acquainted with its contents, and did not know what consideration was expressed therein, it does not appear that the testator knew that she was thus ignorant of the facts,

and she must be regarded, in considering this pleading, as chargeable with knowledge of the contents of the deed, including what it said about the consideration. When, afterward, the testator paid her $165, he told her this was all she was entitled to as the consideration for the deed. It would seem that the former part of the complaint proceeded upon a theory that she had been given an impression that she had no legal right in the lands, and that they belonged to the testator. Then, apparently without strict regard to this theory, she, a person *sui juris*, so far as is shown, was presented with a quitclaim deed for her interest in the lands, which, without objection, she executed, under circumstances which charged her with notice of the contents. Sometime after the execution of the deed, the testator paid her $165, and informed her that this was all she was entitled to as the consideration for the deed. She can not be regarded as then acting or relying upon any representation or impression that the lands had descended to her father, and that no interest therein had descended to her; nor can she be regarded as then believing, and acting upon the belief, that she had not conveyed any interest of hers by said deed, or that the deed was without a consideration accruing to her; for she then was expressly informed that she was entitled to a consideration for the deed; and, having executed the deed, as above stated, she was chargeable with notice as to the amount which was expressed in the deed as its consideration. It does not appear that when the sum of $165 was paid to her the testator misstated the contents of the deed, or that he made any representations as to the consideration received for the land, and it cannot be said that it is shown that he concealed from her what she must be presumed to have known. He is simply said to have informed her that the sum which he gave her was all she was entitled to as a consideration for the deed.

It is alleged that the deed was sent away for record,—by whom it was sent is not stated,—and that she had no means then of ascertaining that the consideration for the deed was

different from what her father had stated; but it is not shown what he had stated it to be, or that he made any statement concerning it. It does not appear that the deed was sent away without her consent, or for the purpose of concealment, but the purpose of having it recorded is expressed. It was a deed the contents of which she had had an opportunity to learn when it was presented to her and she signed it; and when it was sent to a distant place for record, she was already chargeable with knowledge of its contents. Sending the deed away cannot be said to have deprived her of knowledge. The investigation mentioned was an investigation of the records in the counties where the deed had been recorded. What was investigated is not further stated. She learned thereby that the testator some years after the execution of the deed had received a certain amount as the consideration. Nothing is averred to show that she had been prevented in any way from learning this sooner, or how she did learn it, except that it was by an investigation of records. It does not appear that the consideration so learned was different from that expressed in the deed which she had signed. The most that can be said for the pleading is that it shows that the testator, after he in the latter part of 1876, or in the former part of 1877, had received $600, the price of the land, paid her $165, and told her that was all that she was entitled to receive as a consideration for her deed; she being chargeable with notice of the consideration expressed in the deed, and presumably bound to know how much she was entitled to receive. The complaint does not show a cause of action for fraud. But it shows that the testator received a sum of money for her use and benefit, a part of which he paid her, stating that she was not entitled to more, and that the remainder of the sum so received, to which she was entitled, though due, remains wholly unpaid.

It appears on the face of the complaint that a longer time

than the period of limitation for such an action had accrued; and it seems to have been intended by the pleader to bring the case within the provision of the statute of limitations, that "if any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation, after the discovery of the cause of action." Section 301 Burns 1894, section 300 Horner 1897. Where there are exceptions to a statute of limitations, so that a reply relying upon such an exception can be pleaded to an answer setting up the statute, it is not necessary in the complaint to show that the case is within any of the exceptions, and the complaint will not be held insufficient on demurrer though it show that since the cause of action arose the period of limitation has run, unless it also shows that no exception is applicable. *Hanna* v. *Jeffersonville R. Co.*, 32 Ind. 113; *Potter* v. *Smith*, 36 Ind. 231; *Cravens* v. *Duncan*, 55 Ind. 347; *McCallam* v. *Pleasants*, 67 Ind. 542; *Epperson* v. *Hostetler*, 95 Ind. 583; *Dorsey Machine Co.* v. *McCaffrey*, 139 Ind. 545.

The statute relating to claims against the estates of decedents provides (section 2479 Burns 1894, section 2324 Horner 1897): "When any claim is transferred for trial, it shall not be necessary for the executor or administrator to plead any matter by way of answer, except a set-off or counterclaim, to which the plaintiff shall reply. If the executor or administrator plead any other matter by way of defense, the claimant shall reply thereto; the sufficiency of the statement of the claim, or any subsequent pleading, may be tested by demurrer," etc.

In *Kent* v. *Parks*, 67 Ind. 53, it was said: "Our statute of limitations contains some exceptions, as disabilities of the plaintiff, the defendant's nonresidence, etc., and where such is the case, it is well settled that, unless it affirmatively appears by the complaint that the case does not come within any of the exceptions, the statute relied upon must be pleaded,

and the plaintiff may reply the exceptions. \* \* \* Doubtless, under a statute admitting all defenses to be given in evidence under the general denial, the statute of limitations may be given in evidence under such plea; but the objection can not be raised on demurrer to the complaint." See, also, *Epperson* v. *Hostetter*, 95 Ind. 583.

In the statement of claim or complaint before us, it was not necessary to seek to show concealment and discovery, or any other matter which would constitute a good reply to an answer of the statute of limitations. If the facts averred did not constitute such concealment and discovery, as contemplated by the statute, this would not render the complaint insufficient on demurrer; for, if not shown at all, or not sufficiently shown, in the complaint otherwise good, the claimant might show facts bringing the case sufficiently within the provision relating to concealment, or facts establishing any other exception to the operation of the statute of limitations, by reply to an answer of the statute, or by evidence on the trial without such reply if no answer of this statute were pleaded. Therefore, it is not necessary to determine whether or not such facts appear in the complaint as would make the statute relating to concealment applicable to the case. All the averments relating to concealment and discovery might have been omitted, and still the complaint would have been sufficient, and their presence in the complaint did not render it insufficient.

Upon the trial of issues formed a verdict was returned in favor of the appellee for $440.76. The appellant's motion for a new trial was overruled. The evidence showed that the appellee's father paid her $166.66 at the time referred to in the complaint, as her share of money collected by him from her mother's estate. It does not appear from the evidence that this was not the whole amount received by him for her from that estate, or as the proceeds of her share of property derived from her grandfather. There is no evidence whatever that he at any time received more money to which she

was entitled than the sum which he paid her.    Therefore, without regard to any question relating to the statute of limitations, the verdict was not sustained by sufficient evidence.

The judgment is reversed, and the cause is remanded for a new trial.