## NORRIS *v.* GRAND TRUNK WESTERN RAILROAD COMPANY.

[No. 11,802. Filed February 5, 1924.]

1. LIMITATION OF ACTIONS.—*Raising Question.—General Rule. —Exceptions.*—Since the statute of limitations contains numerous exceptions, it is the settled rule that the statute,-if relied upon, must be pleaded by way of answer, and the question cannot be raised by demurrer, unless the complaint shows affirmatively that the plaintiff is barred notwithstanding the exceptions, but if the action is brought under a statute specifying a definite limitation, without any exception, then, the question may be raised by demurrer to the complaint. p. 94.

2. LIMITATION OF ACTIONS.—*Exceptions to Statute.—Demurrer to Complaint.*—In an action for personal injuries, the complaint is not demurrable although it shows that the action was not commenced within two years of the date of the accident, since the case may be within some of the exceptions, and the plain= tiff is not bound to anticipate the defense of the statute of limitations and to show his case to be within an exception without knowing that such defense will be made. p. 95.

From St. Joseph Superior Court; *Lenn J. Oarc,* Judge.

Action by Harry A. Norris against the Grand Trunk Western Railroad Company. From a judgment for defendant, the plaintiff appeals. *Reversed.*

*G. A. Farabaugh* and *Walter R. Arnold,* for appellant.

*Samuel Parker, Will G. Crabill, S. J. Crumpacker, Arthur L. May* and *Woodson S. Carlisle,* for appellee.

ENLOE, J.—Complaint by the appellant to recover damages for personal injuries. The complaint is in one paragraph and alleges that the appellant on May 24, 1920, was in the employment of the appellant as a "helper on a switching crew"; that appellee is a railroad corporation and was, on said day, operating a railroad through St. Joseph County, Indiana, and maintaining and operating railroad yards at the city of South Bend, in said county, in which yards the appellant, as such helper, was at work; that while engaged in such work he received an injury which finally resulted in a condition which necessitated the amputation of his left leg above the knee. This complaint, which asked damages in the sum of $15,000, was filed on February 17, 1923.

A demurrer was sustained to this complaint and final judgment rendered against the appellant.

In the memorandum of deficiencies, accompanying said demurrer, the appellee named five several alleged particulars in which said complaint was deficient.

1. On this appeal, only one of the alleged grounds is urged by the appellee, viz.: that the complaint was not filed within two years from the time appellant received said injuries. As to each and all of the other alleged deficiencies, the complaint is clearly good, and we have only to consider the matter of the statute of limitations.

In *Potter* v. *Smith* (1871), 36 Ind. 231, it was said: "The statute contains various exceptions, as the disability of the plaintiff, non-residence of the defendant, etc.; and where such is the case, it is the settled rule that the statute, if relied upon, must be pleaded, unless, indeed, the complaint shows affirmatively that the plaintiff is barred, notwithstanding the exceptions. The reason is, that the case may be within some of the exceptions, and the plaintiff is not bound to anticipate the defense of the statute and to show his case to be within the exception without knowing that such defense will be made. Upon the statute being pleaded, he may reply the exception."

To compel the plaintiff to make averments showing himself or his cause of action to be within the exceptions would tend to inconvenient and needless prolixity. If there are no exceptions, as in *Hanna, Admr.,* v. *Jeffersonville, etc., R. Co.* (1869), 32 Ind. 113, there can, of course, be no reply avoiding the statute, and the matter, as to whether or not the action was timely brought, may be raised by demurrer. *Hogan* v. *Robinson* (1884), 94 Ind. 138; *Swatts* v. *Bowen* (1895), 141 Ind. 322, 40 N. E. 1057.

In our statute of limitations there are several exceptions, (§§298, 299, 301 Burns 1914, §§296, 297, 299 R. S. 1881) and we cannot say, as a matter of law, upon the facts averred in the complaint before us, that, upon the statute of limitations being pleaded, the appellant could not avail himself of some one of the said exceptions named in the statute, in avoidance of said answer. We therefore conclude that said demurrer was wrongfully sustained.

The judgment is reversed, with directions to the trial court to overrule said demurrer, and for further proceedings.