NEWSOM *v.* ESTATE OF HAYTHORN, DECEASED ET AL.

[No. 18,460.   Filed October 29, 1954.   Rehearing denied
December 7, 1954.   Transfer denied March 2, 1955.]

*Floyd P. Newsom,* of Terre Haute, for appellant.

*Gambill, Dudley, Cox, Phillips & Gambill,* of Terre Haute, for appellees.

ROYSE, J.—Appellant by this action seeks to recover damages from appellees because Samuel R. Haythorn, deceased, during his life persuaded his mother not to adopt appellant and to revoke her earlier will and execute a new will by which appellant received $500 which it is alleged is a smaller sum than that given appellant under the earlier will.

The trial court sustained appellees' motion to strike certain parts of appellant's fourth amended complaint, and then sustained a demurrer to said complaint. Appellant refused to plead over and judgment was rendered against her for costs.

Appellant's complaint takes up about seventeen pages in her brief. In our opinion it would serve no good purpose to set it out in detail herein. In substance, it alleged that in 1896 appellant, who was then thirteen years of age, went to make her home with William C. and Emma Haythorn, who were the parents of Samuel R. Haythorn, deceased; that he was about three years older than appellant; that about a year and a half after she went into said home, Emma Haythorn told appellant that if she would stay with them and be a good girl she would "do a good part by you in my will"; that appellant accepted said proposition and fully complied therewith; that when appellant was about fifteen years old, said Emma Haythorn expressed a desire to adopt her; that at said time appellant's father was dead. She had been emancipated by her mother who agreed to

permit said adoption; that said Samuel R. Haythorn opposed the adoption so violently that Mrs. Haythorn did not adopt her; that appellant continued to live in the Haythorn home until 1914 when she was married in said home; that after her marriage she went on many trips and to social events as a companion to Mrs. Haythorn until 1935 when Mrs. Haythorn died.

It is then averred appellees' decedent, by false statements and misrepresentations to his mother about appellant, caused his mother to revoke a will by which the mother had bequeathed appellant $5,000.00 or more and to execute a new will, under the terms of which appellant received only $500.00; that appellees' decedent was made the residuary legatee under the new will and was thereby enriched and profited by the fraud, duress, etc., he practiced on his mother.

The complaint concludes with a prayer for damages or that appellee be held to be a trustee of its decedent's property for the benefit of appellant.

The memorandum filed with appellees' demurrer contains thirty-five specifications. In substance, it avers the complaint does not show appellees' decedent owed any duty to appellant or that he breached any duty, legal or equitable, he owed her; that the complaint does not allege facts disclosing appellees' decedent made representations to his mother known by him to be false at the time, etc. That the complaint shows on its face the interventions of the mother of appellees' decedent between any of his acts and the failure of his mother to adopt appellant; that the complaint does not show appellees' decedent was enriched by the change in the will; that the complaint does not allege facts showing appellees' decedent failed or refused to carry out any desire or intention of his mother; that it does not show coercion, fraud or duress on the part of appellees' de-

cedent or show appellant was damaged; that the complaint shows on its face that it is barred by the statute of limitations or laches.

In view of the conclusion we have reached, we deem it necessary to consider only the second assignment of error that the trial court erred in sustaining appellees' demurrer to the complaint.

While the facts in the case of *Ransdel et al.* v. *Moore et al.* (1899), 153 Ind. 393, 53 N. E. 767, 53 L. R. A. 753, are somewhat different, the Supreme Court in that case, at pages 407, 408, enunciated the principle which should guide our decision here. There it is stated:

"The rule established by the authorities is that when an heir or devisee in a will prevents the testator from providing for one for whom he would have provided but for the interference of the heir or devisee, such heir or devisee will be deemed a trustee, by operation of law, of the property, real or personal, received by him from the testator's estate, to the amount or extent that the defrauded party would have received had not the intention of the deceased been interfered with. This rule applies also when an heir prevents the making of a will or deed in favor of another, and thereby inherits the property that would otherwise have been given such other person. (Authorities). It is not essential to the creation of such a trust that the fraud be actual, it may be actual or constructive. (Authorities).

"An actual fraudulent intention on the part of the heir or devisee is not necessary to the creation of a trust of this nature. . . . in such a case . . . after the death of the testator or intestate, equity will convert the devisee or heir into a trustee, whether when he gave his assent he intended fraud or not; the final refusal of himself, if living, or if dead, of his heirs or devisees, to execute such trust, having the effect to consummate the fraud."

In the case of *Thomas et al.* v. *Briggs* (1934), 98 Ind. App. 352, 189 N. E. 389, this court, in a well-reasoned

opinion, quoted with approval from *Ransdel et al.* v. *Moore et al., supra,* in sustaining the action of the trial court in overruling a demurrer to several paragraphs of complaint in an action somewhat analogous to the question before us here.

In the case of *Latham et al.* v. *Father Divine et al.* (1949), 299 N. Y. 22, 599, 85 N. E. 2d 168, 86 N. E. 2d 114, 11 A. L. R. 2d 802, the New York Court of Appeals, in reversing the action of the Appellate Division dismissing the complaint, stated the question before it in the following language:

> "For present purposes, then, we have a case where one possessed of a large property and having already made a will leaving it to certain persons, expressed an intent to make a new testament to contain legacies to other persons, attempted to carry out that intention by having a new will drawn which contained a large legacy to those others, but was, by means of misrepresentations, undue influence, force, and indeed, murder, prevented, by the beneficiaries named in the existing will, from signing the new one. Plaintiffs say that those facts, if proven, would entitle them to a judicial declaration, which their prayer for judgment demands, that defendants, taking under the already probated will, hold what they have so taken as constructive trustees for plaintiffs, whom decedent wished to, tried to, and was kept from, benefiting."

The New York Court then said:

> "We find in New York no decision directly answering the question as to whether or not the allegations above summarized state a case for relief in equity. But reliable texts, and cases elsewhere, see 98 A. L. R. 474 et seq., answer it in the affirmative. Leading writers, 3 Scott on Trusts, pp. 2371-2376; 3 Bogart on Trusts and Trustees, part 1, §§473-474, 498, 499; 1 Perry on Trusts and Trustees (7th ed.), pp. 265, 371, in one form or another, state the law of the subject to be about as it is expressed in comment *i* under

section 184 of the Restatement of the Law of Restitution: *'Preventing revocation of will and making new will.* Where a devisee or legatee under a will already executed prevents the *testator by fraud, duress or undue influence from revoking the will* and executing a new will in favor of another or from making a codicil, so that the testator dies leaving the original will in force, the devisee or legatee holds the property thus acquired upon a constructive trust for the intended devisee or legatee.' " (Our emphasis.)

The Court then quotes with approval the statement from the case of *Ransdel et al.* v. *Moore et al., supra,* hereinabove set out.

In 11 A. L. R. (2d), pages 809 to 835, there are cited numerous cases showing the modern rule is generally in harmony with the case relied on herein.

The cases of *Westphal* v. *Heckman et al.* (1916), 185 Ind. 88, 113 N. E. 299, and *Vance et al.* v. *Grow et al.* (1934), 206 Ind. 614, 190 N. E. 747, relied on by appellees to sustain the judgment, were based solely on the insufficiency of the special findings of fact to show a constructive fraud. Significantly, in the Westphal case, *supra,* the Supreme Court said the interests of justice required the granting of a new trial. We are in complete accord with the views expressed in these cases but do not believe they are any help in deciding the question before us in this case.

We are of the opinion that under the allegations of the amended complaint herein (even after the deletions made when certain portions thereof were stricken on appellees' motions) were sufficient to state a cause of action if supported by substantial evidence of probative value. *Vonville et ux.* v. *Dexter, Trustee* (1947), 118 Ind. App. 187, 208, 76 N. E. 2d 856, 77 N. E. 2d 759. (Transfer denied.)

The complaint herein does not show on its face that

this case does not fall within any exceptions to the statute of limitations and therefore such question cannot be raised by demurrer. *Keilman, Trustee* v. *City of Hammond* (1953), 124 Ind. App. 392, 114 N. E. 2d 813, 815.

Therefore, we hold the trial court erred in sustaining the demurrer to the amended complaint.

Judgment reversed, with instructions to overrule said demurrer.

NOTE.—Reported in 122 N. E. 2d 149.