Guy *v.* Schuldt et al.

[No. 29,364.   Filed December 20, 1956.]

*Maxwell P. Smith, Richard D. Logan and Miller, Nieter & Smith,* of counsel, of Fort Wayne, for appellant.

*Barrett, Barrett & McNagny,* of Fort Wayne, and *Bowser & Bowser,* of Warsaw, for appellees.

ARTERBURN, J.—The appellant brought this action against the appellees to recover damages for medical malpractice. The issue arises upon a demurrer filed by the appellees on the ground that appellant's claim was barred by the two year statute of limitations for malpractice. Acts 1941, ch. 116, §1, p. 328, being §2-627, Burns' 1946 Replacement. The court sustained the demurrer. The appellant refused to plead over, and judgment was entered accordingly.

The appellant alleges in his complaint in substance the following facts:

That the appellees-defendants as physicians and surgeons treated appellant from March 25, 1937 until an unstated date in 1941 for a fracture of his left leg; that the appellees in the treatment of appellant's leg negligently broke off a bit of the drill used in the operation, leaving a portion of the metal in the appellant's leg; that the appellees negligently failed to inform the appellant of the bit of metal remaining in his leg, and his leg failed to heal as a result of the alleged malpractice; that the piece of metal was discovered in appellant's leg on November 10, 1952, after he had

employed another physician, who X-rayed appellant's leg; that upon an operation removing the portion of the broken drill appellant's leg healed; that the appellant relied upon the appellees' treatment and took no measure to ascertain the propriety thereof until thereafter. The complaint herein was filed in August, 1954. The court sustained the demurrer on the grounds that the complaint showed on its face that the following statute of limitations had run:

> "No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained, in any of the courts of this state against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless said action is filed within two [2] years from the date of the act, omission or neglect complained of." Acts 1941, ch. 116, §1, p. 328, being §2-627 Burns' 1946 Replacement.

As a general rule a statute of limitations must be pleaded and treated as a defense and is not available by way of demurrer. Were the rule otherwise it would compel the plaintiff to anticipate and seek to avoid in his complaint a possible answer thereto. Anticipatory pleading is not encouraged since it tends to complicate the defining of the issues. Where there are exceptions to the statute of limitations, the fact that the complaint does not show affirmatively that the action is within such exceptions does not make the complaint fatally defective, and, therefore, subject to a demurrer under such statute. If the statute of limitations is pleaded in an answer the plaintiff may then by reply set up the exception. *State ex rel. Little* v. *Parsons et al.* (1897), 147 Ind. 579, 47 N. E. 17; *Falley* v. *Gribling* (1891), 128 Ind. 110, 26 N. E. 794; *Shewalter* v. *Bergman* (1890), 123 Ind. 155, 23 N. E. 686; *Norris* v. *Grand Trunk, etc., R. Co.* (1924), 81 Ind.

App. 93, 142 N. E. 417; *Newsom* v. *Estate of Haythorn, Dcsd. et al.* (1955), 125 Ind. App. 276, 122 N. E. 2d 149.

The appellee, however, in support of the trial court's action in sustaining a demurrer to the complaint, contends there are no exceptions to the particular statute of limitations for malpractice actions, and therefore the sustaining of a demurrer was proper since it would not cut off any reply to an answer setting up the limitation.

The appellant, on the other hand, urges that the special statute of limitations for malpractice is subject to certain exceptions, and in particular, that a fraudulent concealment by a defendant of a cause of action would toll the operation of a statute of limitations. In this connection the appellant cites Acts 1881 (Spec. Sess.), ch. 38, §46, p. 247, being §2-609, Burns' 1946 Replacement, which reads as follows:

"If any person liable to an action shall conceal the fact from the knowledge of the person entitled thereto, the action may be commenced at any time within the period of limitation after the discovery of the cause of action."

The question is, therefore, are there any exceptions to the particular statute of limitations for malpractice actions set forth above? We do not believe the Acts of 1881 passed nearly fifty years prior to the 1941 statute of limitations on malpractice can be considered an exception thereto. The latter act is a special act, and is absolute in its language. It is clear and unambiguous. It seems to us the Legislature would have stated it was subject to the exceptions listed in the Acts of 1881 if it had so intended. *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 13 N. E. 2d 568; *Allen* v. *Dovell* (1948), 193 Md. 359, 66 A. 2d 795.

The appellees cite the case of *Burd* v. *McCullough* (7th Cir. 1954), 217 F. 2d 159 in support of this con-

clusion. That case held that the 1941 Act was not subject to an exception in favor of a minor which tolled the statute for a period of two years from the time he reached his majority. The case is somewhat weakened on this point by the Federal Rules of Procedure as set forth in *Kincheloe* v. *Farmer* (7th Cir. 1954), 214 F. 2d 604 (Cert. Denied 348 U. S. 920, 99 L. Ed. 721, 75 S. Ct. 306). Appellant further points out that the *Burd* v. *McCullough, supra,* case does not deal with *fraudulent concealment* as an exception to the statute of limitations; that there is a fundamental difference between the exception considered in the Burd case and a case where one fraudulently conceals a cause of action for such length of time that the period fixed by the statute has expired.

The appellant cites the cases of *Schmucking* v. *Mayo* (1931), 183 Minn. 37, 235 N. W. 633, and *Crossett Health Center* v. *Croswell* (1953), 221 Ark. 874, 256 S. W. 2d 548. In the latter case the court had before it a statute similar to the Indiana Act of 1941 which limited the commencement of an action for malpractice to two years from the "date of the wrongful act complained of, and no other time." The court, nevertheless, held that fraudulent concealment was an exception thereto, *implied by the law,* and would toll the statute. In the case of *Schmucking* v. *Mayo, supra,* in considering the same kind of question, the court, on page 40 of 183 Minnesota, said:

> "If one's legal title to property is endangered by the fraud of another, the courts will give relief; and if the rights which one has to a legal remedy to establish such title be defeated by a like fraud, is not the principle the same?"

Prior to the elmination of the procedural distinction between equity and law, it was possible to procure an injunction against the use of the statute of limitations

as a bar to a suit at law where equitable grounds such as fraudulent concealment of a cause of action existed. 34 Am. Jur., Limitations of Actions, §411, p. 323; 43 C. J. S., Injunctions, §40 (c), p. 482. To avoid this circumlocution or multiplicity of action upon the elimination of the procedural differences between equity and law, the courts permitted the pleading of equitable actions and remedies as defenses in common law actions. Where equity, because of fraud, previously granted an injunction against the use of the statute of limitations in a law action, it raised an estoppel as a bar. This was based on the principle that one who practices deceit or fraud, and conceals material facts and thereby prevents the discovery of the wrong, should not be permitted to take advantage of his own deceit or concealment by asserting the statute of limitations. While a wrongdoer is concealing from an injured person his wrongful act, the law will not, through a statute of limitations, strip the injured party of his remedy against the wrongdoer. 34 Am. Jur., Limitations of Actions, §231, p. 188; 34 Am. Jur., Limitations of Actions, §424, p. 335.

It is established by the overwhelming weight of authority that equity will step in with its doctrine of estoppel to prevent an inequitable resort to the statute of limitations by one who has intentionally and fraudulently concealed a cause of action from a party for such length of time that the statute has run. Before the doctrine of estoppel may be used to bar the defendant's use of the statute of limitations, the fraud must be of such character as to prevent inquiry, or to elude investigation, or to mislead the party who claims the cause of action.

"The rule that fraudulent concealment will prevent the running of the statute of limitations has been held applicable in actions by clients for the

misappropriation of moneys collected, by patients against physicians for malpractice, for the conversion of personal property, by an owner for the recovery of lost or stolen property, to recover for the unlawful underground mining of ore belonging to another, against the liability of promoters of a corporation to account to the corporation for illegal acts or profits, by a chattel mortgagee for the fraudulent concealment and removal of the property, by a shipper to recover for unjust discrimination by a common carrier, and in other particular actions." 34 Am. Jur., Limitations of Actions, §231, p. 189; *Mescall* v. *W. T. Grant Co.* (1943), (7 C. C. A.), 133 F. 2d 209 (Cert. denied 319 U. S. 759, 87 L. Ed. 1711, 63 S. Ct. 1176); *Hutchens, Admr.* v. *Hutchens* (1950), 120 Ind. App. 192, 91 N. E. 2d 182.

Fraud may consist of intentional deception, relied upon by another which induces him to part with property or surrender a legal right such as a cause of action. We have held in this state that obtaining a formal release of a cause of action through fraud and deception, constitutes an actionable wrong. *Bailey* v. *London Guarantee, etc. Co.* (1920), 72 Ind. App. 84, 121 N. E. 128; *Jackson* v. *Jackson* (1898), 149 Ind. 238, 47 N. E. 963; *Automobile Underwriters, Inc.* v. *Rich* (1944), 222 Ind. 384, 53 N. E. 2d 775.

A cause of action normally accrues when the injurious action occurs although the plaintiff may not learn of the injurious act until later. However, if there is a concealment which prevents the plaintiff from learning of the cause of action, the statute is tolled during such concealment. *Hotelling* v. *Walther* (1942), 169 Ore. 559, 130 P. 2d 944, 144 A. L. R. 205 and Annotations; *Schmit* v. *Esser* (1931), 183 Minn. 354, 236 N. W. 622; 74 A. L. R. 1312 and Annotations; *Schmucking* v. *Mayo, supra,* 183 Minn. 37, 235 N. W. 633.

Usually, there must be some active effort on the part of one to be guilty of concealment, but where a fiduciary or confidential relationship exists, such as physician-patient, there exists a duty to disclose material information between the parties and a failure to do so results in concealment.

"The prevailing rule is that the doctrine of equitable estoppel may, according to the judicial decisions, on the question, in a proper case be invoked to prevent a defendant from relying on the statute of limitations, since it has been laid down as a general principle that, when a defendant electing to set up the statute of limitations has previously, by deception or any violation of duty towards plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. Thus estoppel to plead limitations may arise from agreement of the parties or from the defendant's conduct *or even from his silence when under an affirmative duty to speak.*" (Our italics.) 53 C. J. S., Limitations of Actions, §25, pp. 962, 964.

There are some statements to the effect that in cases of fraud the action accrues when the plaintiff first learns of the wrong. This is correct where the fraud is of a continuous character and active concealment continues to exist. But where the duty to inform exists by reason of a confidential relationship, when that relationship is terminated the duty to inform is also terminated; concealment then ceases to exist. After the relationship of physician and patient is terminated the patient has full opportunity for discovery and no longer is there a reliance by the patient nor a corresponding duty of the physician to advise or inform. The statute of limitations is no longer tolled by any fraudulent concealment and begins to run.

It has been said:

"In order to prevent the running of the statute of limitations in proceedings for relief on account of fraud, it must appear not only that the complainant was in ignorance of the fraud, but also that he did not have possession of the means of detecting the fraudulent arrangement. If the fraud, although not discovered, ought to have been discovered, and could have been if reasonable diligence had been exercised by the plaintiff, the statute will run from the time discovery ought to have been made. To prevent the barring of an action, it must appear that the fraud not only was not discovered, but could not have been discovered with reasonable diligence, until within the statutory period before the action was begun." 34 Am. Jur., Limitations of Actions, §167, pp. 134, 135. See also, 70 C. J. S., Physicians and Surgeons, §60, p. 985; 21 St. John's Law Review (1946), p. 77.

It follows that where the delay or hindrance to the commencement of the action has ceased to operate and is terminated, estoppel is not available for the period following such termination, and the statute of limitations begins to run. *Fidelity, etc. Co.* v. *Jasper Furniture Co.* (1917), 186 Ind. 566, 117 N. E. 258; *Landers* v. *Evers* (1940), 107 Ind. App. 347, 24 N. E. 2d 796; *State ex rel.* v. *Jackson* (1913), 52 Ind. App. 254, 100 N. E. 479.

In this case there are no direct allegations in the complaint of fraud or concealment, although some inferences might be drawn in that direction. We are not holding or stating that there was any fraudulent concealment in this case. It is not our province to make any such assumption. Even though an attempt is made to plead fraud or concealment in the complaint in anticipation of defendant's setting up the statute of limitations, still the complaint would not have been demurrable for that reason. *Roberts* v. *Smith* (1905), 165 Ind. 414, 74 N. E. 894; *Pence,*

*Ex.* v. *Young* (1899), 22 Ind. App. 427, 53 N. E. 1060; *The Dorsey Machine Company* v. *McCaffrey* (1894), 139 Ind. 545, 38 N. E. 208.

We are obliged to consider the matter of fraudulent concealment in this case regardless of any allegations of that nature in the complaint solely for the purpose of determining if it was proper to sustain the demurrer on the ground that no exceptions exist to the statute of limitations in question. If any exception existed then the plaintiff's privilege to set it up in a reply is cut off by the sustaining of the demurrer to the complaint.

The question here is not, are there allegations of fraudulent concealment in the complaint, but rather, is a party entitled to plead and prove such a defense (if the facts exist) against the statute of limitations? Fraud vitiates anything. Courts will not uphold fraud, or presume the Legislature intended to do so by allowing one in a confidential relationship to conceal an injury done another until the statute of limitations has run. The language of the statute should be so plain that there is no question as to its meaning if the Legislature intends to give a wrongdoer the advantage and benefit of his fraudulent concealment of an injury done another. Equity had its origin in granting relief from frauds when the old common law courts were too rigid in their reasoning to grant relief from grave injustices. We feel our interpretation of the statute of limitations in this case should be in accordance with the principles of equity. To an answer of the statute of limitations, the appellant in this case was entitled to plead by reply (if the facts existed) that the cause of action was fraudulently concealed, and that the statute of limitations was tolled during such period. Principles of equity always intervene in such situations to prevent a party from gaining an advantage by fraudulently concealing an injury wrongfully done another who has

not become aware of it until later. 54 C. J. S., Limitations of Actions, §377, p. 513.

The judgment of the trial court is reversed with directions to overrule the demurrer.

Achor, C. J., and Emmert and Landis, JJ., concur.

Bobbitt, J., dissents with opinion.

## DISSENTING OPINION

BOBBITT, J.—I dissent from the majority opinion in this case for the following reasons:

The complaint shows upon its face that the operation of which appellant complains was performed on March 25, 1937. His leg did not heal after the operation and appellee Baum continued to treat him until sometime in 1941. The complaint is silent as to any further treatment of plaintiff's leg until November 10, 1952, when he employed a doctor in Fort Wayne, Indiana, who x-rayed the injured leg and discovered the foreign substance therein. Thus, it affirmatively appears that for a period of more than ten years, after the relationship of physician and patient had been terminated between appellant and appellees, appellant made no effort to ascertain the cause of the condition of his leg.

*First:* The statute upon which the appellees rely, Acts 1941, ch. 116, p. 328, being §2-627, Burns' 1946 Replacement, is as follows:

> "No action of any kind for damages, whether brought in contract or tort, based upon professional services rendered or which should have been rendered, shall be brought, commenced or maintained in any of the courts of this state against physicians, dentists, surgeons, hospitals, sanitariums, or others, unless said action is filed within two [2] years from the date of the act, omission or neglect complained of."

Section 2-627, *supra*, specifically provides that the limitation period fixed therein commences to run at the

time of the wrongful act or omission, without exception. Cf: *Indianapolis St. R. Co.* v. *Fearnaught* (1907), 40 Ind. App. 333, 337, 82 N. E. 102. See also 144 A. L. R. Anno., p. 210.

I concur in the statement in the majority opinion that the exceptions contained in the 1881 Act cannot be considered as exceptions to the 1941 Malpractice Act. The 1941 Act is clear and unambiguous. *Burd* v. *McCullough* (1954), 7 Cir., 217 F. 2d 159.

The provisions of the above section are so clear, unambiguous and definite that this court is not at liberty to interpret, modify or evade its provisions. Sutherland Statutory Construction, Vol. 2, §4502, p. 316.

In order to sustain the conclusions reached by the majority opinion it is necessary to read into §2-627, *supra,* an exception based upon fraudulent concealment. This statute contains no expressed exception; and its strict application cannot be evaded by this court by reading into it exceptions not specifically granted by the Legislature. *Burd* v. *McCullough, supra* (1954), 7 Cir., 217 F. 2d 159; *Mack* v. *Mendels* (1928), 249 N. Y. 356, 164 N. E. 248, 61 A. L. R. 386; *Taylor* v. *New York Cent. R. Co.* (1945), 294 N. Y. 397, 62 N. E. 2d 777; *Powell* v. *Koehler* (1894), 52 Ohio St. 102, 39 N. E. 195, 26 A. L. R. 480; 34 Am. Jur., Limitation of Actions, §42, p. 44. Cf: *Squire* v. *Gardian Trust Co.* (1947), 79 Ohio App. 371, 72 N. E. 2d 137, 147.

While in the earlier decisions courts freely implied exceptions to statutes of limitation, in later years they have been unwilling to add exceptions which the Legislature has not made. As a general rule, courts will not "read into statutes of limitation an exception which has not been embodied therein, however reasonable such exception may seem, even though the exception would

be an equitable one." 34 Am. Jur., Limitation of Actions, §186, p. 150.

The rule in Indiana as stated by this court in *DeMoss and Others* v. *Newton and Another* (1869), 31 Ind. 219, 222, is as follows:

"The act contains no exceptions, and the rule is, 'that no exception can be claimed, unless expressly mentioned.'" See also: *Waugh et al.* v. *Riley et al.* (1879), 68 Ind. 482, 499; *The Evansville, etc. Co. et al.* v. *Winsor, by Next Friend* (1897), 148 Ind. 682, 689-690, 48 N. E. 592.

The Legislature may limit the time within which actions may be brought without making any exceptions whatever. *Sherfey* v. *City of Brazil* (1938), 213 Ind. 493, 508, 13 N. E. 2d 568.

In the case at bar there is no exception expressed in the statute. The will and intent of the Legislature are clearly expressed. It is not the province of this court to change it into what we deem to be a wiser provision; our duty is to declare and apply the statute as it is.

*Second:* "'Where the limitation in a certain case is absolute, and there are no exceptions to the running of the statute, and the complaint shows, upon its face, that the action was commenced after the time limited, the question can be raised on demurrer.'" *Roberts* v. *Smith* (1905), 165 Ind. 414, 420, 74 N. E. 894. See also: *Oolitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 566, 91 N. E. 944; *Lavene* v. *Friedrichs* (1917), 186 Ind. 333, 338, 115 N. E. 324; *The Dorsey Machine Company* v. *McCaffrey* (1894), 139 Ind. 545, 38 N. E. 208.

The complaint herein shows upon its face that the action was commenced more than two years from the date of the act or neglect of which the appellant complains. The limitation in §2-627, *supra,* is absolute and the Legislature made no provision for any exception, hence the question of limitation of the action herein

was properly raised by demurrer. *Roberts* v. *Smith,* *supra* (1905), 165 Ind. 414, 420, 74 N. E. 894; *Norris* v. *Grand Trunk, etc., R. Co.* (1924), 81 Ind. App. 93, 142 N. E. 417.

Since there are no exceptions to the statute here, it affirmatively appears from the complaint herein that the cause does not come within any exception. Hence, a demurrer would also lie under the exception to the rule as stated in *Charters* v. *Citizens Nat. Bank* (1925), 84 Ind. App. 15, 19, 145 N. E. 517, as follows:

> "The statute must be pleaded in bar of the action, unless it affirmatively appears from the complaint that the cause does not come within any of the exceptions."

It is difficult to understand how any facts could be stated in a reply which would bring this case within an exception, when no exceptions exist.

*Third:* Even if an exception of fraudulent concealment were contained in the Act, a demurrer would be the proper procedure to raise the question of limitation under the facts as stated in the complaint herein.

The statutory exception for fraudulent concealment which is contained in the 1881 Act is limited to an affirmative act of concealment. There must be something more than mere silence—mere failure to speak out. *State ex rel. Harrison, Trustee* v. *Osborn et al.* (1896), 143 Ind. 671, 42 N. E. 2d 921; *Terry* v. *Davenport* (1916), 185 Ind. 561, 576, 112 N. E. 998; *Jackson* v. *Jackson* (1898), 149 Ind. 238, 47 N. E. 963; *Boyd* v. *Boyd* (1867), 27 Ind. 429.

The exception created by the majority opinion, while covering the same ground as the 1881 statute, goes further and allows for fraudulent concealment which consists of a mere failure to speak where such failure is in violation of a fiduciary relationship. The complaint, on its face, negatives the application of this

type of "fraudulent concealment" exception to this case when it specifically alleges that the relationship of physician and patient ceased to exist between appellant and appellees sometime in 1941, and this action was not commenced until August 17, 1954.

And whether the fraud be active or a failure to act in violation of a fiduciary duty, it has long been the law in this State that " ' . . . the delay which has occurred must be shown to be consistent with the requisite diligence.' " *Stone, Administrator* v. *Brown* (1888), 116 Ind. 78, 81, 18 N. E. 392. Here, according to the complaint, appellant waited eleven years after the relationship of doctor and patient had ceased before consulting another physician, even though ". . . plaintiff has been unable to hold any steady job because of frequent lay-offs necesitated by the condition of said leg, and has lost opportunities for advancement as well as loss of wages for times when the condition of said leg would not permit him to work. In addition, plaintiff has been put to great expense for bandages and other medications and has suffered great pain and anguish . . . ."

These facts affimatively show that the action herein does not come within such exception of fraudulent concealment, if any were present; hence a demurrer would lie to the question of limitation. *Oolitic Stone Co.* v. *Ridge, supra* (1910), 174 Ind. 558, 91 N. E. 944; *Roberts* v. *Smith, supra* (1905), 165 Ind. 414, 74 N. E. 894; *The Dorsey Machine Company* v. *McCaffrey, supra* (1894), 139 Ind. 545, 38 N. E. 208; *McCallam* v. *Pleasants, Admr.* (1879), 67 Ind. 542, 544; *Kent* v. *Parks* (1879), 67 Ind. 53; *Harlen* v. *Watson* (1878), 63 Ind. 143, 152; *Cravens* v. *Duncan* (1876), 55 Ind. 347; *Potter and Others* v. *Smith and Others* (1871), 36 Ind. 231, 237.

In my judgment the majority opinion holds that equity has created an exception to the 1941 Act, based upon fraudulent concealment, which is broader than any exception contained in the 1881 Act. This court is without the power to create or presume exceptions in a statute where none are expressly provided by the Legislature in the Act itself.

Furthermore, the complaint herein affirmatively shows, on its face, that this cause does not even come within the exception which the majority opinion creates.

For the reasons above stated, I would affirm the judgment of the trial court.

NOTE.—Reported in 138 N. E. 2d 891.