Sandra **NICHOLS**, Plaintiff-Appellant,

v.

**AMAX COAL COMPANY and Amax, Inc., Jointly and Severally, Defendants-Appellees.**

No. 1–1084A250.

Court of Appeals of Indiana, First District.

Sept. 18, 1985.

Catherine A. Behrens, Noffsinger & Deig, Evansville, for plaintiff-appellant.

R. Steven Johnson, Sacopulos, Crawford & Johnson, Terre Haute, for defendants-appellees.

OPINION DISSENTING TO DENIAL OF REHEARING

RATLIFF, Presiding Judge.

In our original opinion, 481 N.E.2d 1103, we stated that fraud and concealment must be specifically pleaded. At 1105. We further held that because Nichols failed to plead fraudulent concealment by Amax that the statute of limitations was not tolled. At 1105.

Our holding appears to me to be directly contrary to our prior holding in *Adams v. Luros* (1980), Ind.App., 406 N.E.2d 1199, 1201–02, where we said:

"We make one more point in this regard concerning the theory of fraudulent concealment raised by Adams. Dr. Luros presents at first glance an interesting argument that, because Adams did not raise the theory in his complaint or by reply, Adams is prohibited from doing so now. Dr. Luros cites Ind.Rules of Procedure, Trial Rule 9(C) which states all averments of fraud shall be specifically pleaded. Apparently, under former rules of pleading, the allegation of fraud which would toll the statute of limitations would be raised by reply. *See Guy v. Schuldt,* (1956) 236 Ind. 101, 138 N.E.2d 891. Our modern rules of pleading, however, discourage replies. T.R. 7(A)(5) states, 'Matters formerly required to be pleaded by a reply or other subsequent pleading may be proved even though they are not pleaded.' W. Harvey, Indiana Practice, § 7.7 (1969), states,

'A reply to a counterclaim should not include denials or allegations relating to other matters in the answer without a court order. And without such an order, a reply is not justified to special defenses listed in Rule 9. Thus, without a reply, plaintiff may defeat a defense of the statute of limitations by facts showing equitable estoppel.'

"We, thus, reject this argument."

Statute of limitations is an affirmative defense which must be both pleaded and proved by the party relying thereon. Ind. Rules of Procedure, Trial Rule 8(C); *Whitehouse v. Quinn* (1982), Ind.App., 443 N.E.2d 332. The defense of statute of limitations is waived if not pleaded. *Bennett v. Bennett* (1977), 172 Ind.App. 581, 361 N.E.2d 193; *Barrow v. Weddle Bros. Construction* (1974), 161 Ind.App. 601, 316 N.E.2d 845. It is also true that one relying upon facts in avoidance of the statute of limitations has the burden of proving such facts. *Whitehouse,* 443 N.E.2d at 338. In summary judgment proceedings, once the statute of limitations defense has been presumptively established, the burden of establishing facts in avoidance of the defense is on the party seeking to avoid the statute of limitations. *Id.*

The question then becomes whether the plaintiff seeking to avoid the statute of limitations defense must affirmatively plead such matter in the complaint. The cases on this point are in conflict. In our original opinion, we imposed such a pleading burden on the plaintiff. In *Adams* we held to the contrary. Our Third District, citing *Adams,* in *Spoljaric v. Pangan* (1984), Ind.App., 466 N.E.2d 37 held the plaintiffs were not required to plead fraudulent concealment by way of reply. On the other hand, in the earlier case of *Snyder v. Tell City Clinic* (1979), 181 Ind.App. 188, 391 N.E.2d 623, it was held that fraud and concealment must be specifically pleaded. Relying upon *Guy v. Schuldt,* (1956) 236 Ind. 101, 138 N.E.2d 891, a case decided under prior rules of pleading and procedure where a reply to an affirmative defense would have been expected, this court held plaintiffs' failure to allege any exceptions to the statute of limitations either in their complaint or by way of response to the defendants' answers deprived them of the opportunity to avoid the statute. However, this statement is but *dictum* because the court held there were no facts shown which would support a finding of fraudulent concealment. In *Estate of Ballard v. Ballard* (1982), Ind.App., 434 N.E.2d 136, we said that when the face of the complaint shows that the action was brought beyond the period of limitations the defendant is not required to present *evidence* that the statute of limitations has run. *Ballard,* however, does not cast an affirmative duty upon the plaintiff to anticipate a statute of limitations defense by alleging facts in avoidance in the complaint. But, we have held that a complaint which shows on its face that the statute of limitations has run is subject to dismissal under Ind.Rules of Procedure, Trial Rule 12(B)(6). *Monsanto Co. v. Miller* (1983), Ind.App., 455 N.E.2d 392; *DeHart v. Anderson* (1978), 178 Ind. App. 581, 383 N.E.2d 431. The issue here was raised by motion for summary judgment not by motion to dismiss under T.R. 12(B)(6). Though the complaint might have been subject to T.R. 12(B)(6) dismissal under *Monsanto* and *DeHart,* the question remains whether summary judgment for

defendants was appropriate because of the failure to plead in the complaint fraud and concealment in avoidance of an anticipated statute of limitations defense.

Reconciliation of the apparent conflict in our decisions can be accomplished. I believe that a proper interpretation of our decisions and the rules consistent with the concept of notice pleading can be formulated in the following manner: Initially, a plaintiff need not anticipate a statute of limitations defense and plead matter in avoidance in the complaint. If the complaint shows on its face that the statute of limitations has run, the defendant may file a T.R. 12(B)(6) motion. Plaintiff may then amend to plead the facts in avoidance. On the other hand, if the defendant simply answers the complaint setting up the statute of limitations, the plaintiff may, but does not have to, file a reply in avoidance. The defendant may seek summary judgment, in which event it becomes incumbent upon the plaintiff to present facts raising a genuine issue in avoidance of the statute of limitations. If the case goes to trial, the plaintiff must establish the facts in avoidance of the statute of limitations.

For the reasons herein stated, I would grant rehearing and hold that a genuine issue of fact as to fraud and concealment had been shown, and reverse the granting of summary judgment.