**Sandra NICHOLS, Appellant
(Plaintiff Below),**

v.

**AMAX COAL COMPANY and Amax, Inc., Jointly and Severally, Appellees
(Defendants Below).**

No. 1–1084 A 250.

Court of Appeals of Indiana,
First District.

Aug. 12, 1985.

Catherine A. Behrens, Noffsinger & Deig, Evansville, for appellant.

R. Steven Johnson, Sacopulos, Crawford & Johnson, for appellees.

ROBERTSON, Judge.

Plaintiff-appellant Sandra Nichols (Nichols) appeals from the trial court's grant of summary judgment in favor of defendants-appellees Amax Coal Company and Amax, Inc.

We affirm.

The facts alleged by Nichols, together with the undisputed facts disclosed by the pleadings and other matters of record, are as follows. In February, 1973, Nichols entered into an oral contract for employment with Amax Fly Ash, Inc. Nichols' employment with Amax Fly Ash ceased in 1976, when the business activities and existence of Amax Fly Ash were terminated. Prior to the cessation of business activities at Amax Fly Ash, Nichols was promised that her employment would remain intact and that she would be transferred within the corporate structure of Amax, Inc.

On October 1, 1977, Nichols commenced work at the Minnehaha Mine of Amax Coal Company. Nichols believed that the job at the Minnehaha Mine was pursuant to the promised transfer. Nichols further believed that she would receive credit for her prior service at Amax Fly Ash. However, Nichols was classified as a new hiree instead of a transferee when she began to work at the Minnehaha Mine.

Subsequently, Nichols learned that her status at Amax Coal Company was that of a new hiree. On October 18, 1979, Nichols filed suit against Amax Coal Company and Amax, Inc., claiming that the failure to transfer her to a full-time position of employment constituted breach of contract. The trial court entered summary judgment in favor of Amax Coal Company and Amax, Inc., on the ground that Nichols' complaint was barred by the statute of limitations. On appeal, Nichols contends that the trial court erroneously granted summary judgment in favor of Amax Coal Company and Amax, Inc.

The standards of review given an appeal from a summary judgment were detailed in *Barnd v. Borst*, (1982) Ind.App., 431 N.E.2d 161:

[M]otions for summary judgment are properly granted only when the pleadings and other matters of record reveal that there is no genuine issue or dispute as to a material fact and that the moving party is entitled to judgment as a matter of law. To determine whether such issues exist, the court must accept as true those facts alleged by the nonmoving party and resolve all doubts against the moving party. The granting of a motion for summary judgment is not appropriate if the trial court must weigh conflicting evidence to reach a decision, or even if there are conflicting inferences which may be drawn from undisputed facts. However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation. Moreover, on appeal, all reasonable presumptions will be indulged in favor of the rulings and judgments of a trial court, and no presumptions will be indulged in favor of an appellant to sustain

his alleged error. The burden of proving reversible error is on the appellant.

*Id.* at 164–65 (citations omitted).

Nichols asserts that the trial court committed reversible error by determining that IND.CODE § 34–1–2–1.5 (1982) was the statute of limitations applicable to her complaint. I.C. § 34–1–2–1.5 provides:

All actions relating to the terms, conditions, and privileges of employment except actions based upon a written contract (including, but not limited to, hiring or the failure to hire, suspension, discharge, discipline, promotion, demotion, retirement, wages, or salary) shall be brought within two (2) years of the date of the act or omission complained of.

When an action concerns a privilege of employment and the employment resulted from an oral contract, I.C. § 34–1–2–1.5 controls. *Kemper v. Warren Petroleum Corp.*, (1983) Ind.App., 451 N.E.2d 1115, 1117. It is undisputed that Nichols entered into an oral contract for employment with Amax Fly Ash and Amax Coal Company. Nichols stresses that her complaint was filed because she was not transferred within the corporate structure as promised. Thus, Nichols' action concerns a privilege of employment and the employment resulted from an oral contract. I.C. § 34–1–2–1.5 governs the cause of action.

Nichols argues that even if I.C. § 34–1–2–1.5 controls, the trial court misapplied the statute. Nichols challenges the lower court's conclusion that her cause of action against Amax Coal Company and Amax, Inc. accrued not later than October 1, 1977.

A cause of action for breach of contract accrues when the contract is breached, so as to set the statute of limitations running against an action for breach from that date. *Pennsylvania Co. v. Good,* (1913) 56 Ind.App. 562, 103 N.E. 672. In her complaint, Nichols alleged that the breach of contract occurred when Amax Coal Company and Amax, Inc. "failed to transfer her within the organization and offer her full-time employment as promised." [1] Nichols started her job at the Minnehaha Mine on October 1, 1977. Although Nichols assumed that she got the job pursuant to a transfer, personnel records revealed that Nichols joined Amax Coal Company as a new hiree. Therefore, the breach identified in Nichols' complaint, the failure to treat Nichols as a transferee, occurred on October 1, 1977. Nichols did not file suit until October 18, 1979. The trial court correctly determined that Nichols' complaint was barred by I.C. § 34–1–2–1.5.

In a related argument, Nichols proposes that she could not comply with I.C. § 34–1–2–1.5, because Amax Coal Company and Amax, Inc. concealed their breach. Concealment or fraud on Nichols would serve to toll the statute of limitations. *See Snyder v. Tell City Clinic,* (1979) 181 Ind.App. 188, 194, 391 N.E.2d 623, 628. However, fraud and concealment must be specifically pleaded. *Id.;* Ind. Rules of Procedure, Trial Rule 9(B). Nichols failed to allege fraud or concealment in her complaint or in any response to the answer filed by Amax Coal Company and Amax, Inc. *See Guy v. Schuldt,* (1956) 236 Ind. 101, 138 N.E.2d 891 (exceptions to statute of limitations may be set up in reply to defendant's answer). Because Nichols failed to plead fraud or concealment as required by T.R. 9(B), the statute of limitations was not tolled.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.

---

1. On appeal, Nichols suggests that her complaint sought damages from Amax Coal Company and Amax, Inc. for their failure to *timely* transfer her and, *when the transfer was effected, in failing to pay her as agreed upon.* Nichols' attempt to amend the nature of her cause of action on appeal is unavailing. *See, e.g., Rogers v. Rogers,* (1982) Ind.App., 437 N.E.2d 92 (claims presented for first time on appeal not properly before court of appeals).