Rodney BOWMAN

v.

**NIAGARA MACHINE AND TOOL WORKS, INC., et al.**

No. NA 84–152–C.

United States District Court,
S.D. Indiana,
New Albany Division.

Nov. 7, 1985.

Hunt, Suedhoff, Borror & Eilbacher by Leonard E. Eilbacher, Arthur G. Surguine, Jr., Fort Wayne, Ind., Wyatt, Tarrant, Combs & Orbison by James E. Bourne, New Albany, Ind., for defendant Niagara Machine and Tool Works, Inc.

White & Raub by Keith A. Gaston, Nicholas T. Buschmann, Indianapolis, Ind., for defendant Kempler Indus.

Cooper, Cox, Jacobs, Reed & Barlow by George A. Leininger, Madison, Ind., for defendant Positive Safety Mfg. Co.

Defendant The Safeguard Mfg. Co. has never been served.

Defendant The Rockford Safety Equipment Co. is reported to be bankrupt.

## ORDER

STECKLER, District Judge.

This matter is before the Court on a motion for summary judgment by defendant Niagara Machine and Tool Works, Inc. Defendant argues that the Indiana Products Liability Act, Ind. Code § 33–1–1.5–5 bars plaintiff's claims for damages allegedly caused by defendant's product. Plaintiff contends that the Indiana Act is unconstitutional. Plaintiff has requested oral argument, but the Court has determined that it is not necessary. Local Rule 10. Having considered the briefs and affidavits of the parties and being duly advised in the prem-

ises, the Court finds that there are no genuine issues of material fact and that defendant is entitled to judgment as a matter of law.

On May 20, 1982, plaintiff was injured while using a mechanical power press at I.T.T. Thompson Industries, his place of employment, in North Vernon, Indiana. The press was manufactured by defendant and shipped to the Marietta Aircraft Assembly plant in 1943. Defendant has not performed any maintenance, modification, or repairs on the machine since that date. Nor has defendant issued any manuals, instructions, warnings or other representations since then. Plaintiff's complaint was filed on April 25, 1985. These facts are not disputed.

■ Plaintiff alleges both negligence and strict products liability claims. Indiana law applies to this diversity action because the injury occurred in Indiana. *See Klaxton v. Stenton Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Snow v. Bayne,* 449 N.E.2d 296 (Ind.Ct.App. 1983). Therefore, plaintiff's claims are subject to the ten-year statute of limitations in Ind.Code § 33–1–1.5–5 which bars any action against defendant under the facts of this case.

■ Plaintiff first alleges that the statute is unconstitutional because it violates the Commerce Clause of the Constitution. Plaintiff argues that the statute places a burden on interstate commerce which is not outweighed by the state's interest in enacting the statute. However, plaintiff has failed to demonstrate any burden on interstate commerce. Rather, plaintiff's supporting affidavit from Dr. Robert Sandy and plaintiff's memorandum demonstrate that the statute shelters out of state manufacturers and increases the cost of work related injuries in Indiana. Thus, the statute would seem to burden the state's interests rather than interstate commerce. Whether this result is a desired policy is for the Indiana state legislature to decide, not this Court.

Plaintiff also contends that products liability is an area requiring uniformity and that the Indiana statute prevents the desired uniformity. The Court has taken judicial notice of congressional testimony concerning the desirability of a uniform products liability law. The Court also notes, however, that the purpose of this testimony was to determine whether Congress should pass a federal products liability act. That determination is for Congress to decide. Only if and when Congress decides to enact a federal products liability law, therefore preempting state laws, should this Court determine if the Indiana statute interferes with the uniform federal law. Based on the facts before the Court, it is clear as a matter of law that the Indiana statute does not violate the Commerce Clause.

■ Plaintiff also argues that the statute deprives him of his First Amendment right of access to the courts without equal protection. This particular statute has withstood attacks on equal protection grounds previously. *See Braswell v. Flintkote Mines, Ltd.,* 723 F.2d 527, 531 (7th Cir.1983); *Scalf v. Berkel, Inc.,* 448 N.E.2d 1201 (Ind.Ct.App.1983). The statute has also withstood due process challenges. *Braswell,* 723 F.2d at 529–531; *Pitts v. Unarco Industries, Inc.,* 712 F.2d 276 (7th Cir.1983). Plaintiff attempts to distinguish these precedents by arguing that those cases used the rational relationship test for constitutionality whereas the compelling state interest standard applies to this action because a fundamental right is involved. Although access to the courts is a fundamental right, the right to a specific remedy or to a common law cause of action is not. *Dague v. Piper Aircraft Corp.,* 275 Ind. 520, 418 N.E.2d 207, 213 (1981). The creation of new rights or the abolition of old common law ones is not unconstitutional if done to attain a permissible legislative objective. *Silver v. Silver,* 280 U.S. 117, 122, 50 S.Ct. 57, 58, 74 L.Ed. 221 (1927). Statutes of limitation or repose do attain legitimate legislative objectives. *See United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259

(1979). The Indiana statute of limitations does not deny plaintiff access to the courts. Rather, it eliminates a cause of action after a specific time period. Consequently, the statute does not deprive plaintiff of a fundamental right and is not unconstitutional on either equal protection or due process grounds.

By reason of the foregoing, defendant's motion for summary judgment is GRANTED. Plaintiff's complaint against Niagara Machine and Tool Works, Inc. is DISMISSED.