Sandra NICHOLS, Appellant,

v.

AMAX COAL COMPANY and Amax Inc., Jointly and Severally, Appellees.

No. 84S01–8604–CV–318.

Supreme Court of Indiana.

April 1, 1986.

Rehearing Denied June 4, 1986.

Catherine A. Behrens, Noffsinger & Deig, Evansville, for appellant.

R. Steven Johnson, Sacopulos, Crawford & Johnson, Terre Haute, for appellees.

GIVAN, Chief Justice.

In the original opinion in this case, published in 481 N.E.2d 1103, the Court of Appeals, First District, was unanimous in its decision that the trial court should be affirmed; however, on a petition for rehearing, Judge Ratliff filed a dissent, published in 482 N.E.2d 776, to the denial of said petition. We grant appellant's petition for transfer and vacate the opinion of the Court of Appeals.

The facts in the case are: In February, 1973, appellant entered into an oral contract for employment with Amax Fly Ash, Inc. This employment ceased in 1976 upon the termination of the Amax Fly Ash operation. Prior to the closing of Amax Fly Ash, appellant maintained she was promised that her employment would remain intact and that she would be transferred within the corporate structure of Amax, Inc.

In October, 1977, appellant commenced work at Minnehaha Mine of Amax Coal Company. It is her position that she was transferred to that branch of Amax pursuant to her agreement with that company. She consequently believed she would receive credit for her prior service at Amax Fly Ash; however, Amax Coal classified appellant as a new hiree instead of as a transferee.

Upon learning of this unexpected status, appellant filed suit against Amax Coal Company and Amax, Inc., claiming that the failure to transfer her to a full-time position constituted a breach of contract. The trial court entered summary judgment in favor of Amax Coal Company and Amax, Inc., on the ground that Nichols' complaint was barred by the statute of limitations.

In the original opinion, the Court of Appeals held: that fraud and concealment must be specifically pleaded; that appellant failed to plead fraudulent concealment,

therefore, they would treat the contract as breached at the time Amax failed to transfer her within the organization; and that the statute of limitations began to run at that time. *Nichols v. Amax Coal Co.* (1985), Ind.App., 481 N.E.2d 1103, 1105.

As Judge Ratliff points out in his dissenting opinion to the denial of rehearing, the original opinion appears to be directly contrary to a prior decision in that Court, *Adams v. Luros* (1980), Ind.App., 406 N.E.2d 1199. In that case the appellant did not raise the question of fraudulent concealment in his complaint or by reply; however, the Court of Appeals held that such pleading was not necessary and that the appellant could defeat a defense of the statute of limitations by facts showing equitable estoppel. *Id.* at 1201–02.

■ It is true the statute of limitations is an affirmative defense which must be both pleaded and proved by the party relying thereon. Ind.R.Tr.P. 8(C); *Whitehouse v. Quinn* (1982), Ind.App., 443 N.E.2d 332. It is also true that one relying upon facts in avoidance of the statute of limitations has the burden of proof. *Whitehouse, supra.*

In *Snyder v. Tell City Clinic* (1979), 181 Ind.App. 188, 391 N.E.2d 623, the Court of Appeals held that fraud and concealment must be specifically pleaded. In so holding, they were relying on *Guy v. Schuldt* (1956), 236 Ind. 101, 138 N.E.2d 891; however, that case was decided under prior rules of pleading and procedure. Under present rules of procedure, if a complaint shows on its face that the statute of limitations has run, the defendant may file a motion to dismiss under Ind.R.Tr.P. 12(B)(6). In the case at bar the issue was raised by motion for summary judgment. Nevertheless, the question remains whether summary judgment was appropriate because of the failure to plead fraud and concealment either in the original complaint or in a response to the answer filed by Amax.

■ We feel we cannot improve upon Judge Ratliff's statement in his dissenting opinion which reads as follows:

"Reconciliation of the apparent conflict in our decisions can be accomplished. I believe that a proper interpretation of our decisions and the rules consistent with the concept of notice pleading can be formulated in the following manner: Initially, a plaintiff need not anticipate a statute of limitations defense and plead matter[s] in avoidance in the complaint. If the complaint shows on its face that the statute of limitations has run, the defendant may file a T.R. 12(B)(6) motion. Plaintiff may then amend to plead the facts in avoidance. On the other hand, if the defendant simply answers the complaint setting up the statute of limitations, the plaintiff may, but does not have to, file a reply in avoidance. The defendant may seek summary judgment, in which event it becomes incumbent upon the plaintiff to present facts raising a genuine issue in avoidance of the statute of limitations. If the case goes to trial, the plaintiff must establish the facts in avoidance of the statute of limitations." *Nichols v. Amax Coal Co.* (1985), Ind.App., 482 N.E.2d 776, 778 (Ratliff, J., dissenting to denial of rehearing.)

We adopt the above statement, grant transfer and remand the cause to the trial court for trial on the issue of fraud and concealment.

All Justices concur.