Ivan AVERY, Mary Avery, and Joseph Swango b/n/f Mary Avery, Plaintiffs,

v.

MAPCO GAS PRODUCTS, INC., and Honeywell, Inc., Defendants.

No. F 90–59.

United States District Court, N.D. Indiana, Fort Wayne Division.

Dec. 10, 1991.

Kurt Bently Grimm, Timothy A. Miller, Grimm & Grimm, P.C., Auburn, IN, Howard Grimm, Jr., Fort Wayne, IN, for plaintiffs.

Howard E. Beck, Gary Rickner, Fort Wayne, IN, mediators.

Branch R. Lew, Fort Wayne, IN, Robert Kohorst, Harlan, IA, for all defendants except Honeywell, Inc.

Thomas R. Lemon, Kirk Weikart, Warsaw, IN, George W. Flynn, Jeannine L. Lee, Cosgrove, Flynn, Gaskins & Haskell, Minneapolis, MN, for defendant Honeywell, # 19.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on defendant Honeywell, Inc.'s ("Honeywell") motion for summary judgment. The issues have been fully briefed, and on October 31, 1991

the court heard oral argument presented by counsel for the plaintiffs ("the Averys"), defendant/cross claimant Mapco Gas Products, Inc. ("Mapco"), and Honeywell. On November 21, 1991 Mapco submitted additional affidavits, which this court has considered. For the following reasons Honeywell's motion for summary judgment is GRANTED.

### Background

The facts most favorable to the Averys and Mapco (collectively, "the respondents") show this litigation arose out of injuries plaintiffs suffered on May 18, 1988 when an LP gas fire ignited in the Avery home, causing an explosion. Mapco, doing business locally as Thermo Gas Co. of New Paris, provided LP gas and service to the Averys at the Avery residence located in Noble County, Indiana. Mapco delivered LP gas to the Avery home, and was to service a suspected gas leak reported by the Averys on the day of the explosion. When Mary Avery and her minor son Joseph Swango arrived home later that day, they proceeded to the basement to inspect the furnace, where they smelled the odor of gas. When Mary turned on a flashlight to inspect the furnace, the explosion occurred instantly. Mary and Joseph were severely burned in this blast. The residential structure sustained damage as well. Mary and Joseph claim damages resulting from this explosion. Ivan Avery, Mary's husband and Joseph's stepfather, claims damages for loss of consortium.

The Averys claim Mapco's negligence in providing LP gas service caused their injuries. The Averys also claim Honeywell is liable for the injuries due to an allegedly defective Honeywell furnace valve. Mapco claims that due to this allegedly defective valve, Honeywell is liable to Mapco for any damages assessed against Mapco. Due to many problems associated with the type of furnace valve used in the Avery home, Honeywell conducted a voluntary recall program regarding the valve. This recall program continued until at least 1980. Honeywell had contracted with Mapco and other gas service and supply companies to conduct this recall program. The furnace valve on the Avery furnace at the time of the explo-

sion was the exact type which had been recalled by Honeywell. The recall program did not result in the removal of the particular valve involved in this explosion, however.

The Averys purchased the house in which this explosion occurred just prior to the incident. Previous owners, the Alfreys, rented the house to various tenants from 1969 until the Avery's 1988 purchase. The previous owners contracted plumbing, electric, and heating service to two particular service companies, whose records indicate no service work on the furnace in question. Some tenants, however, directly contacted other service companies for some appliance service work, although no records were available regarding what type of work was conducted in all of these instances. All of the tenants, service repairmen, and previous owners deposed by any of the parties testified to no recollection of furnace work since the installation of the furnace. The furnace was likely installed in 1970, but was in any event installed prior to 1975. The type of valve found on the Avery's furnace was manufactured and intended to be sold by Honeywell to furnace manufacturers as original equipment. However, a few of these same valves have been found in the shops of service technicians. No evidence suggests the pertinent furnace valve was installed on the Avery's furnace since the original installation of the International Heater furnace.

Regarding Honeywell's liability, the Averys sue on theories of fraud and deceit related to the Consumer Products Safety Act ("CPSA"); negligent recall of a defective valve; breach of express and/or implied warranties; negligent design of the valve; and strict liability. The defendants cross-claimed against each other for indemnification and contribution.

The pending motion for summary judgment concerns Honeywell's liability to the Averys, and concerns any secondary liability to Mapco. Honeywell raises four defenses to the Avery claims. Honeywell asserts the Avery's products liability claim is time-barred; the negligent recall claim is subject to the same time limitation; the claim of CPSA fraud and deceit fails to state a claim upon which relief can be granted; and the

breach of warranty claims are time barred and further deficient due to the Averys' lack of privity with Honeywell. As to Mapco's cross-claim, Honeywell asserts no right of contribution exists under Indiana law, and asserts Mapco has no explicit or implicit right of indemnification. This court's jurisdiction is based upon the alleged violation of the Consumer Product Safety Act, 15 USC § 2072, and upon diversity of citizenship, 28 USC § 1331. The plaintiffs allege the amount in controversy, exclusive of interest and costs, exceeds $50,000.00.

*Summary Judgment*

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, Rule 56(c) is not a requirement that the moving party negate his opponent's claim. *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir.1990). Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and in which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 321–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986). A scintilla of evidence in support of the non-moving party's position is not sufficient to successfully oppose summary judgment; "there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252, 106 S.Ct. at 2512; *In Re Matter of Wildman*, 859 F.2d 553, 557 (7th Cir.1988); *Klein v. Ryan*, 847 F.2d 368, 374 (7th Cir.1988); *Valentine v. Joliet Tp. High School Dist. No. 204*, 802 F.2d 981, 986 (7th Cir.1986).

Initially, Rule 56 requires the moving party to inform the court of the basis for the motion, and to identify those portions of the "pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, which demonstrate the absence of a genuine issue of material fact, *Celotex*, 477 U.S. at 323–25, 106 S.Ct. at 2553. The non-moving party may oppose the motion with any of the evidentiary materials listed in Rule 56(c), but reliance on the pleadings alone is not sufficient to withstand summary judgment. *Goka v. Bobbitt*, 862 F.2d 646, 649 (7th Cir.1988); *Guenin v. Sendra Corp.*, 700 F.Supp. 973, 974 (N.D.Ind.1988); *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.), *cert. denied*, 464 U.S. 960, 104 S.Ct. 392, 78 L.Ed.2d 336 (1983). In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson*, 477 U.S. at 249–51, 106 S.Ct. at 2511.

Substantive law determines which facts are material; that is, which facts might affect the outcome of the suit under the governing law. *Id.* at 247–49, 106 S.Ct. at 2510. Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id.* The issue of fact must be genuine. Fed.R.Civ.P. 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *First National Bank of Cicero v. Lewco Securities Corp.*, 860 F.2d 1407, 1411 (7th Cir.1988). The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id.* A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512.

*Products liability statute of limitations*

■ For its first affirmative defense, Honeywell invokes the ten year statute of limitations found in the Indiana Product Liability Act.[1] The courts have interpreted this statute as mandating that a claim must be brought within ten years of delivery of the product to the consumer and within two years from the accrual of the injury. Thus, the last possible day for commencement of the action would be two years from the last day of the ten year period. *DeHoyos v. John Moor & Sons*, 629 F.Supp. 69, 78 (N.D.Ind. 1984), *citing Dague v. Piper Aircraft Corp.*, 275 Ind. 520, 418 N.E.2d 207, 211 (1981) (noting the legislature intended to impose an absolute time limit on liability for a product's defects). This limitation applies to negligence and strict liability cases. *Koske v. Townsend Engineering Co.*, Ind., 551 N.E.2d 437, 442 (1990). Honeywell does not controvert that the Averys brought this suit within two years of the explosion, but rather claims the suit is barred as against Honeywell since the explosion occurred more than ten years after the delivery of the allegedly defective valve to the Avery home.

Honeywell asserts a coding scheme on the valve in question indicates the valve was manufactured in November, 1968. The respondents dispute this, pointing to alleged irregularities in Honeywell's coding records. Honeywell also contends the valve series which included the relevant valve, was sold only for installation in new furnace units, and was not sold as replacement parts. Thus, Honeywell concludes the relevant valve must have been original equipment on the furnace. This, too is disputed by the respondents, who assert by reference to affidavit that a few valves designated solely for installation in new furnace units made their way to service companies as replacement valves. Genuine issues of material fact may well exist regarding these points. Honeywell claims the furnace was manufactured in 1969, and would have been installed in the Averys' home by late 1970. The respondents claim the furnace installation date is uncertain. However, no evidence suggests the furnace which exploded on May 18, 1988 was installed since 1975.

■ Honeywell contends that in applying I.C. 33–1–1.5–5(b), the "initial user or consumer", of the valve was the furnace manufacturer, the International Heater Co. As Honeywell claims the valve was delivered to International Heater by 1969, Honeywell concludes the claim is time-barred. To support this point, Honeywell cites the factually distinct *Ferguson v. Modern Farm Systems, Inc.*, Ind.App., 555 N.E.2d 1379 (1990). In that case the ultimate user of an allegedly defective component part was also the assembler of the whole. Despite broad dicta in that case, the court does not agree with Honeywell's doubtful construction of the Indiana Consumer Protection law. Indiana law, announced in cases more akin to the facts of the present case, ·holds the term "user or consumer" is exclusive of a manufacturer such as International Heater. *Whittaker v. Federal Cartridge Corp.*, Ind.App., 466 N.E.2d 480, 482 (1984); and *Wilson by and through Lincoln National Bank and Trust Co. of Ft. Wayne v. Robertshaw Controls Company*, 600 F.Supp. 671, 676 (N.D.Ind.1985). The court holds that International Heater was not "the initial user or consumer" of the Honeywell valve for purposes of applying I.C. 31–1–1.5–5(b). Rather, the "initial user or consumer" was the owner of the Avery home at the time the International Heater was installed. Therefore, the ten year statute of limitations did not begin to run with the delivery of the valve to International Heater. The statute began to run when the valve was delivered as a component part of the furnace to the Avery home.

■ Summary judgment on the basis of a statute of limitations defense is appropriate only when the statute of limitations has run

---

1. This statute of limitations provides, in pertinent part:

 [A] product liability action must be commenced within two (2) years after the cause of action accrues or within ten (10) years after the delivery of the product to the initial user or consumer. However, if the cause of action accrues at least eight (8) years but less than ten (10) years after that initial delivery, the action may be commenced at any time within two (2) years after the cause of action accrues. I.C. 33–1–1.5–5(b).

as a matter of law, and after resolving all doubts in favor of the plaintiff, there exists no genuine issue of material fact regarding the time at which plaintiff's cause of action accrued. *Yorger v. Pittsburgh Corning Corp.*, 733 F.2d 1215, 1219 (7th Cir.1984). Although the question of when a cause of action accrues is generally one for the jury, when a defendant requests summary judgment on the basis of a statute of limitations, the plaintiff must present facts raising a genuine issue in order to avoid the statute of limitations. *Hildebrand v. Hildebrand*, 736 F.Supp. 1512, 1522 (S.D.Ind.1990), *citing Nichols v. Amax Coal Co.*, Ind., 490 N.E.2d 754, 755 (1986). When the case goes to trial, the plaintiff bears the burden of proof to establish facts in avoidance of the limitations statute. *Hildebrand*, at 1522. If there are sufficient facts which would permit a jury to decide the suit was brought within the time frame dictated by the statute of limitations, summary judgment is improper. *Hildebrand*, at 1522. However, summary judgment against a plaintiff is proper when the plaintiff "fails to make a showing sufficient to establish the existence of an essential element on which he would bear the burden of proof at trial." *Fitzpatrick*, at 1256, *citing Celotex*, 477 U.S. at 322–323, 106 S.Ct. at 2552. Furthermore, "[t]he days are long gone ... when the nonmoving party could sit back and simply poke holes in the moving party's summary judgment motion." *Fitzpatrick*, at 1256.

Although the accrual of a cause of action is generally a jury question, Honeywell's motion for summary judgment requires the respondents present facts raising a genuine issue as to the accrual date in order to avoid the statute of limitations defense. Since the respondents bear the burden of proof to establish facts in avoidance of the statute of limitations when the case goes to trial, *Hildebrand*, at 1522, and since summary judgment against the respondents is proper if they fail to make a showing sufficient to establish the existence of an essential element on which they would bear the burden of proof at trial, *Fitzpatrick*, at 1256, summary judgment is appropriate in the present case if the respondents fail to point to sufficient contradictory evidence which would permit a juror to reasonably conclude the valve was installed in the Avery home within ten years of the explosion.

Honeywell maintains the valve was in the Avery home by at least 1975, and that no furnace repair work was conducted since 1975. Honeywell concludes the valve in question was conclusively in the Avery home for more than ten years at the time of the 1988 explosion. Honeywell submits affidavits of former owners, tenants, and repairmen, who all assert that to their recollection, no furnace repair work was conducted since 1975 at the Avery home. The respondents reply that no one can be sure whether or when any furnace repair work was conducted, and that repair work on other appliances was conducted without the knowledge of previous owners, when undertaken by some of the tenants. However, the fact remains that no tenant, owner, or repairman has testified that furnace repair work occurred since 1975.

The respondents present insufficient facts to show the valve was placed in the Avery home sometime after the International Heater furnace was initially installed. The respondents do nothing more than present argument that no one can be sure whether or when any furnace repair work was conducted. The difference between Honeywell's concrete facts and the respondents' mere argument must be underscored. In order to overcome Honeywell's summary judgment motion, the respondents are required to put forth sufficient dispositive facts, and cannot by way of a mere "no one can be sure" argument, "sit back and simply poke holes in" Honeywell's motion. *Fitzpatrick*, at 1256. Without evidence of furnace repair work in the ten years preceding the 1988 explosion, and given Honeywell's significant uncontradicted evidence that no such work was ever undertaken, no reasonable juror could conclude the valve was placed on the furnace in the Avery home within ten years of the explosion.

After resolving all doubts in favor of the respondents, there exists no genuine issue of material fact regarding the time at which plaintiff's cause of action accrued. The respondents have simply not presented suffi-

cient facts which would permit a reasonable juror to decide the valve in question was installed in the Avery home any sooner than by the end of 1975. The court, therefore, finds the statute of limitations has run as a matter of law. As there are insufficient facts which would permit a jury to decide the suit was brought within the time frame dictated by I.C. 31–1–1.5–5(b), summary judgment is proper.

■ Additionally, the respondents assert the period of limitations found in the Indiana Products Liability statute, I.C. 33–1–1.5–5(b), is unconstitutional under the Indiana Constitution. The respondents cite the dissenting opinion in the factually distinct *Covalt v. Carey Canada, Inc.*, Ind., 543 N.E.2d 382 (1989) for support of this argument. In the *Covalt* dissent, Indiana's Chief Justice Sheppard and Associate Justice Dickson questioned the validity of the statute's application to cases involving prolonged exposure to hazardous substances such as asbestos. *Id.* Critically, the facts upon which their dissent was based did not concern the mere introduction of a product into the marketplace. *Id.* The present case meaningfully differs from the factual basis for that dissent, as this case does involve the mere introduction of a product into the marketplace. Many published cases have upheld the validity of this ten year limitation in regard to the introduction of products into the marketplace. *See, e.g., Dague*, 418 N.E.2d at 213–214; *Pitts v. Unarco Industries, Inc.*, 712 F.2d 276 (7th Cir. 1983)', *cert. denied*, 464 U.S. 1003, 104 S.Ct. 509, 78 L.Ed.2d 698; *Bowman v. Niagara Machine and Tool Works, Inc.*, 620 F.Supp. 1484 (S.D.Ind.1985), *aff'd*, 832 F.2d 1052 (7th Cir.1987). This court refuses to find the thirteen year old statute of limitations found at I.C. 33–1–1.5–5(b) unconstitutional upon the facts of this case and at this late date.

The respondents also assert Honeywell is estopped from claiming a statute of limitations defense due to Honeywell's "willful and knowing" production of the "dangerously defective" valve. No authority is cited for this proposition. Furthermore, the facts of this case simply do not support the respondent's position that Honeywell produced the relevant valve knowing it to be dangerously defective. The court finds no competent basis in the law or in the facts for this position, and therefore, finds this estoppel argument provides no defense to Honeywell's summary judgment motion.

Thus, based on the facts contained in the record, Honeywell's summary judgment motion as to this count is GRANTED.

### *Negligent recall*

■ Honeywell next asserts the Avery's "negligent recall" count is subject to the same I.C. 33–1–1.5–5(b) time limitation discussed *supra.* Honeywell claims this is nothing more than a "negligent failure to warn" allegation, which merges with the products liability claim. The respondents, however, state this is a separate and distinct cause of action, which is based on Honeywell's voluntary undertaking the duty to recall. The respondents fail to cite to any Indiana case finding liability based upon this novel "negligent recall" theory.

While not addressing the exact issue of "negligent recall", courts interpreting I.C. 33–1–1.5–5(b) have held that a continuing failure to warn of product defects merges with the underlying products liability tort. *Dague*, 418 N.E.2d at 212; and *DeHoyos*, at 79–80. As the Indiana Supreme Court noted in *Dague*, the Indiana Product Liability Act, I.C. 33–1–1.5, *et seq.*, applies to all causes of action related to product liability, including negligence actions, and furthermore, "the legislature clearly intended that *no* cause of action would exist on any such product liability theory after ten years." *Dague*, at 212 (emphasis in original). The ten year products liability statutory period begins to run with the "delivery of the product to the initial user or consumer." I.C. 33–1–1.5–5(b). Thus, having found no genuine issue of the material fact that the delivery of the valve occurred at least thirteen years before the explosion, the court finds the Avery's novel "negligent recall" claim barred by operation of the same time limitation discussed *supra.*[2]

---

2. Without citation to authority, the respondents also assert this claim is subject to federal, not state law, and thus, not governed by state limitations statutes. The court rejects this argument,

Furthermore, even if this negligence tort would exist, the respondents presented no argument that the two year statute of limitations which governs most personal injury negligence actions would not bar this claim.[3]

Therefore, Honeywell is entitled to judgment as a matter of law, and thus its summary judgment motion in regards to this count of plaintiff's complaint is GRANTED.

### Consumer Products Safety Act fraud and deceit

 Honeywell next·asserts the Avery's claim of Consumer ˙ Products Safety Act[4] ("CPSA") fraud and deceit fails to state a claim upon which relief can be granted. The Averys do not argue this point. Mapco, however, claims Honeywell's failure to report defects in the valve to the Consumer Products Safety Commission ("the Commission") renders Honeywell liable under the CPSA. Mapco's argument necessarily relies upon the existence of a private cause of action for failure to report defects to the Commission.

The CPSA requires manufacturers, distributors, and retailers to inform the Commission when they obtain information suggesting that their products might "contain[ ] defect[s] which could create a substantial product hazard." 15 USC § 2064(b). The evidence before the court indicates that a genuine issue of material fact exists as to whether Honeywell violated this reporting requirement concerning the furnace valve. However, the relevant language of the CPSA authorizing a private cause of action provides:

> (a) Any person who shall sustain injury *by reason of* any knowing (including willful) violation of a consumer product safety rule, or any other rule or order issued by the Commission may sue any person who knowingly (including willfully) violated any such rule or order in any district court ...

15 USC § 2072(a); CPSA § 23(a) (emphasis added).

In *Zepik v. Tidewater Midwest, Inc.*, 856 F.2d 936 (7th Cir.1988), the Seventh Circuit affirmed Judge Miller's summary judgment dismissal of a similar CPSA claim brought against a component manufacturer by a plaintiff who suffered injuries from diving in a shallow swimming pool.[5] There, plaintiff Ronald Zepik, like the Averys, also sued on theories of negligence, strict liability, and breach of warranty. Despite some lower courts' findings to the contrary, the *Zepik v. Tidewater* panel declared that a private cause of action for a CPSA reporting violation does not exist. *Id.*, at 942. The Seventh Circuit primarily based this declaration on the "by reason of" language of 15 USC § 2072, and on the problem of causation, holding:

> The causal connection between a defendant's reporting violation and a plaintiff's injury is too attenuated and speculative to satisfy generally applicable standards of causation in fact or proximate causation.

*Id.*, at 942. The *Zepik v. Tidewater* court also noted the legislative history of the CPSA indicates that in the House of Representatives, even the strongest supporter of an expansive private cause of action for the CPSA did not. envision that mere reporting violations would give rise to a private cause of action. *Id.*, at 944, n. 8.

The other Circuit Courts of Appeals who have addressed this matter agree that a private cause of action for a CPSA reporting violation does not exist. *See Benitez–Allende v. Alcan Aluminio do Brasil, S.A.*, 857 F.2d 26 (1st Cir.1988), *cert. denied*, 489 U.S. 1018, 109 S.Ct. 1135, 103 L.Ed.2d 196 (1989); *Kelsey v. Muskin Inc.*, 848 F.2d 39 (2nd Cir. 1988), *cert. denied* 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 971 (1989); *Copley v. Heil–Quaker Corp.*, 818 F.2d 866 (6th Cir.1987); *Drake v. Honeywell*, 797 F.2d 603 (8th Cir.

but notes that if this claim is subject to federal, and not state law, this claim merges with claim brought .under the Consumer Products Safety Act, discussed *infra*.

**3.** I.C. 34–1–2–2(1). The facts upon which this claim is based clearly occurred more than two years prior to the filing of this suit.

**4.** 15 USC § 2072.

**5.** The Seventh Circuit opinion affirmed Judge Miller's conclusion that Zepik had no CPSA based cause of action, but rejected Judge Miller's reasoning that a private cause of action does exist for a CPSA reporting violation. *Id.*

1986); and *Kloepfer v. Honda Motor Co.,* 898 F.2d 1452 (10th Cir.1990). Therefore, as Congress provided no private cause of action for CPSA reporting violations, Honeywell is entitled to summary judgment regarding this claim as matter of law.

Mapco also asserts Honeywell is liable for a breach of Honeywell's voluntary recall agreement with the Commission. Mapco cites no legal authority for such a position. Regardless, a claim based on such a theory would suffer from the same causation obstacle of *Zepik v. Tidewater,* discussed *supra.* Therefore, Honeywell's motion for summary judgment regarding the count of the complaint based on this claim is GRANTED.

### Breach of warranty

■ Honeywell asserts the Avery's breach of warranty claims are time-barred[6] and are further deficient in Avery's lack of privity with Honeywell. Again, the Averys put forth no argument regarding this issue. Additionally, however, Mapco presents no argument on this issue.

Judge Miller of this district drafted an instructive decision in the first *Zepik* case, *Zepik v. Ceeco Pool and Supply, Inc.,* 637 F.Supp. 444 (N.D.Ind.1986), *aff'd in part, vacated on other grounds, sub nom. Zepik v. Tidewater Midwest, Inc., supra* (the District Court's judgment was vacated and remanded due to premature dismissal of pendant claims). In that decision, Judge Miller concluded that although privity is no longer necessary in a tort based action in Indiana, I.C. 26–1–2–318 does require privity "when the cause of action sounds in contract for breach of warranty." *Zepik v. Ceeco,* at 450. There, the defendant component part manufacturer was held not liable to a consumer for breach of warranty, due to the lack of privity between them. *Zepik v. Ceeco,* at 450. In the present case, it is undisputed that Honeywell and the Averys were not in privity of contract.

Summary judgment is proper with regard to the breach of warranty claim as there is no genuine issue of the material facts that

the Averys were not in privity with Honeywell, and that, even if the two were in privity, the applicable four year statute of limitations for sales contracts has run. For the foregoing reasons, Honeywell's summary judgment motion regarding the breach of warranty claim is GRANTED.

Construing the facts in a manner most favorable to the respondents, no competent legal theory exists to hold Honeywell liable to the Averys for damages which may have resulted from a Honeywell valve which was installed in the Avery home no later than thirteen years before this unfortunate tragedy occurred. Accordingly, Honeywell's motion for summary judgment regarding all claims asserted by the Averys is GRANTED.

### Mapco's cross-claim.

■ Honeywell also seeks summary judgment regarding Mapco's cross-claim. Honeywell asserts no right of contribution exists under Indiana law, and likewise asserts Mapco has no explicit or implicit right of indemnification. In its briefs, Mapco acknowledges that absent an express or implied contract, Indiana generally does not permit contribution or indemnity as between joint tort feasors. *See McClish v. Niagara Machine & Tool Works,* 266 F.Supp. 987, 989 (S.D.Ind.1967); *Elcona Homes Corp. v. McMillan Bloedell, Ltd.,* Ind.App., 475 N.E.2d 713, 715 (1985); *Consolidated Rail Corp. v. Allied Corp.,* 692 F.Supp. 924, 930 (N.D.Ind.1988), *aff'd,* 882 F.2d 254 (7th Cir. 1989). An exception to the general rule is found in an agency-principal relationship, but only when the agent is not actually at fault. *McClish,* at 989–990; *Sears, Roebuck and Co. v. Boyd,* Ind.App., 562 N.E.2d 458, 460 (1990); *Consolidated Rail,* 692 F.Supp. at 930. In the *McClish* case, Judge Dillin emphasized the "extreme" importance of noting that when the principal's own negligence contributed to cause the injury, indemnity is improper. *McClish,* at 990, *citing, City of Gary v. Bontrager Construction Co.,* 113 Ind. App. 151, 47 N.E.2d 182 (1943); *see also, Midwest Fertilizer Co., Inc. v. Ag–Chem Equipment Co.,* Ind.App., 510 N.E.2d 232,

---

**6.** Indiana's version of the Uniform Commercial Code, I.C. 26–1–1 *et seq.,* imposes a four year

statute of limitation for breach of sales contracts. I.C. 26–1–2–725.

234 (1987). Furthermore, as Judge Miller of this district stated in granting summary judgment for the defendant in *Consolidated Rail:*

> Where the negligent acts of parties concur in producing injury, they are jointly and severally liable not only where there is a breach of a common duty owing by them, but also where their acts of negligence are separate and independent. In either situation they would be joint tort-feasors, in pari delicto, and no right to indemnity exists ... As a joint tortfeasor, [a party] has no right of common law implied indemnity under Indiana law. The defendants are entitled to judgment as a matter of law as to this theory.

*Id.,* at 930.

Mapco does not assert the existence of an express contract of indemnification, therefore, any such right must arise by implication. Mapco asserts its contract with Honeywell to conduct the recall for Honeywell establishes the agency relationship which permits the cross-claim for indemnity. In considering Mapco's agency-based claim for indemnity, the court fails to see how Honeywell can be required to indemnify Mapco for any damages not associated with the negligent recall theory. The agency based theory must rely upon Honeywell's agreement with Mapco that Mapco would assist Honeywell in conducting the recall program. Mapco points to no other credible basis for an implied indemnity contract. As discussed *supra,* Mapco's negligent recall theory has no basis in Indiana tort law.

Moreover, even if a negligent recall theory of recovery was recognized in the law, and if Mapco was in fact an agent of Honeywell for recall purposes, Mapco would have to show Mapco was not actually negligent in order to recover under the agent-principal theory of indemnification. Where the negligence of parties combine to produce injury, they are jointly and severally liable even where their acts of negligence are separate and independent, and implied indemnification will not be found. *Consolidated Rail,* at 930; *Midwest Fertilizer,* at 234. The facts presently before this court indicate that by servicing the Avery home on the date of the explosion, and by not detecting the leak and by not removing the recalled valve, Mapco itself appears negligent. Thus, even if Honeywell was liable for the Avery's harm, indemnification in favor of Mapco based upon the agency-principal theory would not be permitted.

As Honeywell cannot be liable for negligent recall, *supra,* no derivative liability regarding the recall can attach to Mapco. Furthermore, as Mapco failed to detect and remove the valve while supplying L.P. gas to the Averys, any possible resulting culpability of Mapco would be distinguished from mere constructive liability. Thus, Mapco's cross-claim for indemnity or contribution has no basis in the law or fact, and Honeywell's motion for summary judgment regarding this cross-claim is GRANTED.

### Conclusion

For the foregoing reasons, there exists no genuine issues of material fact and Honeywell is entitled to judgment as a matter of law. Therefore, Honeywell's motion for summary judgment is GRANTED.